UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U-HAUL CO. OF NEVADA, INC., *et al*., | |
|     Plaintiffs, | Case No. 2:12-CV-00231-KJD-RJJ |
| v. | **ORDER** |
| GREGORY J. KAMER, LTD., *et al*., | |
|     Defendants. | |

Presently before the Court is the Motion to Dismiss (#3) of Third-Party Defendants United States of America and Steven Wamser (collectively the "United States"). Defendant/Third-Party Plaintiff Gregory J. Kamer, LTD. ("Kamer") filed an opposition (#14) to which United States replied (#15). Also before this court is the Motion to Remand (#20) of Plaintiffs U-Haul Co. of Nevada, Inc. and U-Haul International, Inc. (collectively "U-Haul"). Kamer and Defendant Debra Wilcher ("Wilcher") filed oppositions (#28 and #29) to which U-Haul replied (#35).

**I. Background**

This case arises out of several consolidated unfair labor practice proceedings brought by the National Labor Relations Board ("NLRB") against U-Haul. The NLRB General Counsel appointed Nathan W. Albright ("Albright") and Steven Wamser ("Wamser") to prosecute the NLRB proceedings on behalf of the United States. U-Haul retained Kamer to represent it in the NLRB

proceedings. During the NLRB proceedings in 2004 and prior to the close of the NLRB's case in chief, Kamer hired Wilcher as a paralegal.

U-Haul alleges that from 2004 to approximately October 2005 Albright instigated and carried on a sexual relationship with Wilcher. The relationship was not made known to Kamer until October 2005. U-Haul contends Albright and Wamser sought attorney/client privileged information from Wilcher. U-Haul filed an action against Kamer, Albright, and Wamser on April 28, 2006 in Nevada State Court (the "2006 Case").

The United States determined that Wamser was acting within the course and scope of his employment. Accordingly, the United States removed the 2006 Case to federal court as case no. 2:06-cv-00618-RCJ-PAL and moved for substitution as the real party in interest for Wamser. Judge Sandoval, who originally presided over the 2006 Case, granted the substitution for Wamser and *sua sponte* substituted the United States for Albright. On June 15, 2007, Judge Sandoval entered an order dismissing U-Haul's claims against the United States, Albright, Kamer and Wilcher.

U-Haul appealed Judge Sandoval's order in the 2006 case to the Ninth Circuit. On January 26, 2011, the Ninth Circuit affirmed the Court's order substituting the United States as the real party in interest for Wamser. However, it reversed the substitution of Albright and his dismissal and also reversed the dismissal of Kamer and Wilcher.

On July 8, 2011 Kamer filed its answer to the complaint in the 2006 Case. U-Haul filed a motion for remand on September 9, 2011. In Kamer's opposition to the motion to remand, Kamer stated its intent to file a third-party complaint against Wamser and the United States. The motion to remand was granted on December 22, 2011 and the 2006 Case was returned to state court. On January 30, 2012, Kamer filed an Amended Third-Party Complaint against the United States and Wamser in the remanded state court action. The United States again removed the state court action here as 2:12-CV-00231-KJD-RJJ and filed the instant Motion to Dismiss on February 14, 2012.

While the 2006 Case was on appeal, Plaintiffs filed in this Court a separate action against the United States related to Wamser's involvement as case no. 2:08-cv-729-KJD-RJJ.

2

## II. Motion to Dismiss

### A. Rule 12(b)(1) Standard

Third Party Defendants United States and Wamser move to dismiss Kamer's complaint pursuant to Fed. R. Civ. P. 12(b)(1). A motion under Rule 12(b)(1) can either be "facial," attacking a pleading on its face and accepting all allegations as true, or "factual" contesting the truth of some or all of the pleadings allegations as they relate to jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A facial challenge asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004). The United States make a facial challenge.

### B. Analysis

The United States argues the doctrine of derivative jurisdiction applies to this case. According to the doctrine of derivative jurisdiction, upon removal of an action from state court to federal district court the jurisdiction of the federal court is said to "derive" from the jurisdiction of the state court. *Rodas v. Seidlin*, 656 F.3d 610, 615 (7th Cir. 2011). If the state court does not have subject matter jurisdiction over the action, the federal court is unable to acquire jurisdiction by removal. *Id*. The federal court cannot acquire jurisdiction even if jurisdiction would have been proper had the action been commenced in federal district court. *Id*.

Congress has abolished the doctrine of derivative jurisdiction with respect to the general removal statute (28 U.S.C. § 1441). However, Congress has specifically indicated that this abrogation only applies to cases brought pursuant to the general removal statute (28 U.S.C. § 1441(f) as amended in 2002). *Palmer v. City Nat'l Bank, of W. VA.*, 498 F.3d 236, 246 (4th Cir. 2007). It does not apply to 28 U.S.C. § 1442, the federal officer removal statute. Section 1442 provides that a civil action commenced in a state court against the United States or any officer of the United States or of any agency thereof may be removed to the district court of the United States. 28 U.S.C. § 1442(a)(1).

The United States removed this action pursuant to Section 1442 and argues that the Court lacks jurisdiction by operation of the doctrine of derivative jurisdiction. Kamer does not contend removal was improper, but argues that the doctrine of derivative jurisdiction is archaic and should not be applied by this Court. Kamer misapprehends the most recent amendment to the general removal statute as abolishing derivative jurisdiction entirely. Kamer cites *Rodas* for the proposition that a state court's lack of jurisdiction at the time of removal is irrelevant. *See* Pls. Opp.: 10 (quoting *Rodas*, 656 F.3d at 625). The *Rodas* court acknowledges that Congress did not abolish the doctrine of derivative jurisdiction for cases brought under Section 1442. However, the *Rodas* court recognized an exception to this rule where the motion to dismiss is made after a case has been removed and tried on the merits. In such a case, the state court's jurisdiction prior to removal is irrelevant. *Rodas*, 656 F.3d at 620 (quoting *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 702 (1972)). This case has not yet been tried on the merits so the *Rodas* exception is inapplicable. Accordingly, the doctrine of derivative jurisdiction applies to this case and this Court cannot acquire jurisdiction subsequent to the removal pursuant to Section 1442. Accordingly, Kamer's claims against the United States and Wamser are dismissed for lack of jurisdiction.

**III. Motion to Remand**

Because the Court has dismissed the claims against the United States and Wamser, it must now determine its jurisdiction over the remaining claims. U-Haul Plaintiffs move to remand the remaining claims pursuant to 28 U.S.C. § 1441(c).[1] The operative version of § 1441(c) provides:

> "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c).

Under this version of the statute, a federal court has the discretion to hear claims that would not be independently removable even after the claims that gave the federal court jurisdiction are dismissed.

---

[1] Both parties agree that the pre-2011 amendment version of the 28 U.S.C. 1441(c) applies in this case. The current version of Section 1441(c) requires courts to remand cases where all federal claims have been dismissed.

4

*Harrel v. 20th Century Ins. Co.*, 934 F.2d 203 (9th Cir. 1991). Federal courts must "handle cases involving state-law claims in the way that will best accommodate the values of economy, convenience, fairness, and comity." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 619 (1988).

U-Haul Plaintiffs originally filed this action in April 2006. This action was remanded on December 22, 2011. Subsequently, Defendant Kamer filed a third-party complaint against the United States and Wamser. U-Haul has an action against the United States, Wamser, and Albright before this Court in Case No. 2: 08-cv-729-KJD-RJJ. These pending actions arise from the same set of facts. Judicial economy and fairness strongly suggest that these actions should proceed in the same court. This Court exercises its discretion pursuant to § 1441(c) to hear the claims against Kamer notwithstanding the dismissal of the claims against United States. Accordingly, U-Haul Plaintiffs' motion to remand is denied.

**IV. Conclusion**

**IT IS HEREBY ORDERED** that United States' Motion to Dismiss (#3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand (#20) is **DENIED**.

Dated this 11th day of July 2012.

_____
Kent J. Dawson
United States District Judge