UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U-HAUL CO. OF NEVADA, INC., *et al.*, | |
| Plaintiffs, | Case No. 2:12-CV-00231-KJD-CWH |
| v. | **ORDER** |
| GREGORY J. KAMER, LTD., *et al.*, | |
| Defendants. | |

      Before the Court is the Motion for Voluntary Dismissal (#58) filed by Plaintiffs U-Haul of Nevada, Inc. and U-Haul International, Inc. (collectively "U-Haul"). Defendant Gregory J. Kamer d/b/a/ Kamer Zucker Abbott ("KZA") and Defendant Debra Wilcher ("Wilcher") filed responses (## 61, 62) and U-Haul filed replies (## 63, 64).

I. Introduction

      U-Haul has filed this motion seeking to dismiss the Estate of Nathan Albright ("Albright Estate") with prejudice. U-Haul is the only party to this action that has asserted a claim against the Albright Estate and has reached a settlement on its claims. Jennifer Corry, is Mr. Albright's widow

and executrix of the Estate.  According to U-Haul, Ms. Corry is in poor health and the settlement has resolved any necessity for the Estate to remain in this action.

II. Discussion

Fed.R.Civ.P. 41(a)(2) provides that:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

"In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir. 1982).  "Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." Id. (citations omitted).

KZA opposes dismissal of the Albright Estate, claiming that it will suffer prejudice if the Estate is dismissed.  Specifically, KZA argues that if the Estate is dismissed, it will be unable to conduct discovery, that it will face disproportionate share of liability, and that it may be forced to sue the Albright Estate separately.  Other than conclusory assertions of prejudice, KZA does not explain how dismissal of the Albright Estate will adversely impact its ability to conduct discovery.  Further, the prospect of a subsequent lawsuit is not sufficient prejudice to preclude dismissal.  Finally, KZA will still be permitted to show evidence of Albright's liability to reduce its proportion of any award for negligence, even if the Estate is not a party to the action.

Wilcher's non-opposition to dismissal of the Albright Estate is conditional.  According to Wilcher, dismissal of the Albright Estate will not prejudice her, so long as "Mr. Albright/his estate is . . . included on the jury verdict form, with a place for the jury to assign him a portion of blame for damages awarded to Plaintiffs."  The Court will determine appropriate jury instructions at the time of trial.  However, U-Haul's claims against Wilcher are intentional torts, which are not affected by

Nevada's comparative negligence statute. See NRS 41.141. Accordingly, Wilcher's conditional non-opposition does not preclude dismissal of the Estate.

Neither Defendants have asserted claims against the Albright Estate and neither has demonstrated that plain legal prejudice would result from the Estate's dismissal. Accordingly, the Court determines that dismissal of the Albright Estate with prejudice is proper.

II. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Voluntary Dismissal (#58) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Estate of Nathan Albright is **DISMISSED** with prejudice.

DATED this 29th day of January 2013.

_____
Kent J. Dawson
United States District Judge