# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| U-HAUL CO. OF NEVADA, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY J. KAMER, LTD., *et al.*, <br><br> Defendants. | Case No. 2:12-CV-00231-KJD-CWH <br><br> **ORDER** |

Before the Court is the Motion to Strike Paragraph 19 of Plaintiff's Amended Complaint (#17) filed by Defendant Debra Wilcher. Plaintiff filed a response (#25) to which Defendant Wilcher filed a Reply (#34).

<u>I. Discussion</u>

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Matter is considered "immaterial" if it has no bearing on the controversy before the Court. <u>In re TheMart.com, Inc. Sec. Litig.</u>, 114 F.Supp.2d 955, 965 (C.D.Cal.2000). Allegations are "impertinent" if they are

not responsive to the issues that arise in the action and are inadmissible as evidence. Id. "Scandalous" matter has been described to include allegations that cast a cruelly derogatory light on a party or other person. Id. (citing Skadegaard v. Farrell, 578 F.Supp. 1209, 1221 (D.N.J.1984).

Striking material pursuant to Rule 12(f) is considered a "drastic remedy" that is "generally disfavored" by federal courts. Nevada Fair Housing Center, Inc. v. Clark County, 565 F.Supp.2d 1178 (D.Nev.2008) (citing Germaine Music v. Universal Songs of Polygram, 275 F.Supp.2d 1288, 1300 (D.Nev.2003); See also Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D.Cal.1996) ("Rule 12(f) motions are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice.") (citations omitted).

Despite its general disfavor, however, a district court's ruling on a motion to strike is reviewed only for an abuse of discretion. See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc., 397 F.3d 1217, 1224 n. 4 (9th Cir.2005). This is because the essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993) (rev'd on other grounds Fogerty v. Fantasy, Inc. 510 U.S. 517 (1994)).

Defendant Wilcher moves the Court to strike the following paragraph from the complaint:

> Upon information an belief, Ms. Wilcher became pregnant with Mr. Albright's child during the Affair, but aborted the pregnancy at Mr. Albright's insistence and in return for his promise that they would "run away together."

Plaintiff argues that "the fact of the pregnancy evince[es] a highly intimate relationship between the co-conspirators, one that is probative of the information the two shared with each other." Plaintiff further asserts that the decision to terminate the pregnancy "may have some bearing on the fact that they were employed by adversaries in a proceeding and knew their conduct was improper."

Ms. Wilcher has admitted to having a sexual relationship with Mr. Albright. Despite Plaintiff's gross speculation, nothing suggests that Ms. Wilcher's pregnancy and subsequent decision to terminate her pregnancy has any significance to the claims and defenses in this action. It is difficult for the Court to imagine any purpose for including this allegation in the complaint, other

than to cast Ms. Wilcher in a cruelly derogatory light.  The matter contained in paragraph 19 is immaterial and presents a serious risk of prejudice and confusion of the issues.  Accordingly, Paragraph 19 is stricken.

II.  Conclusion

    **IT IS HEREBY ORDERED** that Defendant Wilcher's Motion to Strike Paragraph 19 of Plaintiffs' Amended Complaint (#17) is **GRANTED**.

    DATED this 21st day of February 2013.

_____
Kent J. Dawson
United States District Judge