# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| U-HAUL CO. OF NEVADA, INC., *et al.*, | ) |
|     Plaintiff, | ) Case No.  2:12-cv-00231-KJD-CWH |
| vs. | ) **ORDER** |
| GREGORY J. KAMER, LTD., *et al.*, | ) |
|     Defendants. | ) |

This matter is before the Court on Defendant Debra Wilcher's Emergency Motion to Compel (#94), filed on October 17, 2012.  The Court also considered Defendant Gregory J. Kamer Ltd.'s Joinder (#96), filed on October 22, 2012, Plaintiff U-Haul Co. of Nevada, Inc.'s Response (#104), filed on November 2, 2012, and Defendant Debra Wilcher's Reply (#109), filed on November 13, 2012.  The undersigned held a hearing regarding this motion on February 14, 2013.

## BACKGROUND

The parties and the Court are familiar with the procedural and factual background in this case.  As a result, the Court will only provide a brief recitation of the facts and circumstances relevant to the motion at issue.  Plaintiffs retained Gregory J. Kamer, Ltd. dba Kamer Zucker & Abbott law firm ("KZA" or "Kamer") to represent them in several consolidated National Labor Relations Board ("NLRB") unfair labor practice proceedings ("NLRB Proceedings").  NLRB General Counsel appointed Nathan W. Albright and Steven Wamser to prosecute Plaintiffs.  After the news of an affair between NLRB prosecutor, Nathan W. Albright, and a KZA paralegal, Debra Wilcher ("Wilcher"), came to light, Plaintiffs enlisted the services of other law firms ("Subsequent Law Firms") to reopen the NLRB Proceedings.  Plaintiffs eventually settled the NLRB Proceedings and brought this action against Kamer and Wilcher for malpractice related claims alleging improper use of confidential information in the NLRB Proceedings resulting in substantial legal fees.

Kamer has possession of boxes of documents including law firm records numbering approximately 50,000 pages of evidence, client communications, analysis, and pleadings related to the NLRB Proceedings ("NLRB Proceedings Documents").  However, based on Plaintiffs' assertion of attorney client privilege, Wilcher has been unable to obtain those documents during discovery.  Wilcher seeks a finding that Plaintiffs have waived any privilege over those documents by bringing this lawsuit and that Plaintiffs should be ordered to produce those documents to Wilcher.  Additionally, Wilcher seeks a finding that there has also been a waiver over any documents relating to the NLRB Proceedings in possession of the Subsequent Law Firms.  Wilcher seeks production of those documents to refute any damages claims.  In contrast, Plaintiffs contend that Wilcher fails to identify any privileged information or document that is crucial to her case and which Plaintiffs withheld on privilege grounds.  As such, Plaintiffs argue that Wilcher has failed to make the necessary showing to prove implied waiver.  Moreover, Plaintiffs allege that even if Wilcher could prove at-issue or implied waiver, it would not reach as far as she requests.

## DISCUSSION

### I.  Motion to Compel

Wilcher seeks an order compelling Plaintiffs to produce certain documents created and used in NLRB Proceedings by KZA and the Subsequent Law Firms.  Plaintiffs contend that they have not placed the underlying representation at issue thereby waiving the attorney-client privilege.  Alternatively, Plaintiffs argue that the scope of the request is overbroad.  As the requests require two different analyses, the Court turns its attention to each in turn.

### A.  KZA Documents At Issue

"In a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501.  In Nevada, as a general rule, "A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications" relating to attorney representation.  NRS 49.095.  However, "a party waives his privilege if he affirmatively pleads a claim or defense that places at-issue the subject matter of privileged material over which he has control." *Wardleigh v. Second Judicial Dist. Court*, 891 P.2d 1180, 1186 (Nev. 1995).  "Therefore, at-issue waiver occurs when the holder of the privilege pleads

a claim or defense in such a way that eventually he or she will be forced to draw upon the privileged communication at trial in order to prevail, and such a waiver does not violate the policies underlying the privilege." *Id.* In such cases, at-issue waiver is treated as an "anticipatory waiver" because it anticipates a waiver will occur at trial because "the party asserting the privilege bears the burden of proof on an issue and can meet that burden only by introducing evidence of a privileged nature." *Id.*

Here, Plaintiffs filed suit against Wilcher. By filing suit, Plaintiffs also affirmatively put into issue privileged information. Plaintiffs claim that, but for the alleged misconduct of Wilcher, Plaintiffs would not have entered into the underlying settlement agreement. Plaintiffs allege Wilcher acted deliberately to give the NLRB a tactical advantage, and that Wilcher's actions prejudiced Plaintiffs in the underlying proceedings. Wilcher cannot hope to mount any meaningful defense without access to the documents because she would be unable to prove that Plaintiffs were not prejudiced in the underlying proceedings. Plaintiffs argue "whether [Kamer] thought [Plaintiffs] might lose some of the [underlying case] does not immunize Wilcher or make it proper for her to share confidential information with [NLRB Counsel]." Resp. #104, 4. Although this may be true, part of Plaintiffs case is the establishment of damages. If Plaintiffs cannot prove damages arising from Wilcher's acts, then Wilcher's alleged misconduct cannot be the basis for liability. Wilcher is entitled to present a damages defense based on the allegations.

Wilcher is entitled to show how and why Plaintiffs would have suffered the same outcome in the underlying proceeding even if the alleged disclosures of confidential information were never made. This may negate causation, an essential element of Plaintiffs' case. Having access to and being able to depose witnesses about documents necessary to that defense is vital to Wilcher's defense. It is unfair and highly prejudicial to allow Plaintiffs to assert the privilege while suing for actions in the underlying case, questioning Wilcher's conduct, and seeking to recover fees as a measure of damages. The Court notes that Plaintiffs placed the conduct of KZA's agent, Ms. Wilcher at issue and then continue to assert a privilege relating to that conduct. If the Court allows this, attorney defendants (and likewise their agents) would be at a severe disadvantage and effectively prevented from mounting any meaningful defense to the allegations.

As denying the production of these documents would effectively bar Wilcher from mounting a lack of causation defense, the Court finds that Plaintiffs have waived the attorney-client privilege by calling Wilcher's actions in the underlying suit into question. The Court grants the motion in part and orders Plaintiffs to produce:

- All communications between KZA and Plaintiffs prior to, during, and after the underlying case proceedings, including all communications regarding KZA's evaluation of Plaintiffs' likelihood of success and any communications regarding whether the Formal Settlement Stipulation was more favorable than the underlying case's ALJ decision.
- All work product relating to the underlying case created by KZA prior to, during, and after the underlying case proceedings.
- All documentation relevant to the underlying case in the possession of KZA created or used prior to, during, and after the underlying case proceedings.
- Any deposition testimony relevant to this case from all KZA attorneys who represented Plaintiffs prior to, during, and after the underlying case proceedings.
- All deposition testimony of any and all Plaintiffs' officers, employees, and agents designated as FRCP 30(b)(6) witnesses.

The Court limits the relief granted to KZA documents and discusses the remaining documents, i.e. those created and used by the Subsequent Law Firms, below.

### B. Subsequent Law Firm Documents

The only additional deposition and documentary evidence Wilcher seeks are those of subsequent attorneys or law firms who worked on the underlying case. Specifically, as Plaintiffs seek damages in the form of fees paid to two Subsequent Law Firms as a result of reopening the underlying case based on KZA's alleged malpractice (and Wilcher's actions while KZA's agent), Wilcher asserts that Plaintiffs waived their attorney-client privilege with Subsequent Law Firms when Plaintiffs sued KZA and Wilcher. In the present case, Wilcher argues that because Plaintiffs seek damages for the defense and settlement of the underlying litigation, any facts surrounding that litigation are central to the question of whether Wilcher can be held liable. Wilcher claims that

without receiving all the documents surrounding the underlying litigation and its settlement, including documents that reveal otherwise privileged communications, it would be impossible to determine whether and to what extent Plaintiffs' alleged loss resulted from Wilcher's alleged misconduct. However, to grant Wilcher's motion this Court would need to find that Plaintiffs have waived the attorney-client privilege and work product doctrine as to the second law firm by suing KZA and Wilcher.

### 1. *Attorney Client Privilege*

The Court notes that Wilcher does not argue that the Subsequent Law Firms were the cause of the allegedly less favorable settlement. Here, no question exists regarding who allegedly committed the acts of which Plaintiffs complain. Wilcher's alleged misconduct was already complete at the time the subsequent attorneys were retained. Thus, the subsequent representation has not been called into question, and Plaintiffs have not waived the attorney client privilege as to the Subsequent Law Firms. Moreover, to challenge damages, Wilcher could attack the billing statements. Based on the representations of counsel during the hearing, the parties disagree as to whether the billing records were produced in redacted or unredacted form. Plaintiffs represent that the records have been produced in unredacted form. Thus, for the sake of clarity, Plaintiffs are ordered to produce all billing records from the Subsequent Law Firms, in unredacted form, to Wilcher within seven (7) days of this order.

### 2. *Work Product Doctrine*

The work product doctrine provides a broader protection than the attorney-client privilege and is designed to protect the right of an attorney to thoroughly prepare his case and to preclude a less diligent adversary attorney from taking undue advantage of the former's efforts. *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947). It has been held, however, that the work product doctrine protects materials prepared for any litigation or trial so long as they were prepared by or for a party to the subsequent litigation. *Federal Trade Comm'n v. Grolier Inc.*, 462 U.S. 19, 25-26 (1983).

Similar to the argument made with respect to the attorney-client privilege, Wilcher contends that Plaintiffs waived the work product privilege by suing Wilcher. Again, Wilcher asserts that without reviewing all the documents surrounding the underlying litigation and its settlement,

including the Subsequent Law Firms' documents that reveal otherwise privileged work product, it would be impossible to determine whether and to what extent Plaintiffs' alleged loss resulted from Wilcher's alleged misconduct.

Although the Subsequent Law Firms' documentation and work product may be relevant to the issues raised in this case, Wilcher has not convinced this Court that its potential relevance justifies waiver of the work product doctrine in this case. To be sure, if a lawyer's work product were subject to disclosure to opposing counsel merely on a showing of relevancy, much of what is now memorialized in writing would remain unwritten. "Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served." *Hickman*, 329 U.S. at 511. That is not to say "all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where . . . those facts [are] essential to the preparation of one's case, discovery may properly be had." *Id.* But, "the burden rests on the one who would invade that privacy to establish adequate reasons to justify production." *Id.* Here, the burden rests on Wilcher and Wilcher has not convinced this Court that the relevance of those documents weighs in favor of waiving the privilege. Wilcher's request is overly broad as it does not identify specifically what is requested and how it is not otherwise accessible. Thus, the motion to compel is denied to the extent it requests Subsequent Law Firm Documents, except billing records as discussed above.

### II.     Reasonable Expenses

The motion before the Court has been granted in part and denied in part. Federal Rule of Civil Procedure 37(a)(5)(C) provides that "[i]f the motion is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." The Court declines to make any award of fees or expenses under the circumstances.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Debra Wilcher's Emergency Motion to Compel (#94) is **granted in part and denied in part without prejudice**, as discussed above

1 **IT IS FURTHER ORDERED** that Plaintiffs are ordered to produce all discovery identified above within **seven (7) days** of this order.

**IT IS FURTHER ORDERED** that the parties are to bear their own expenses incurred in bringing and opposing this motion.

DATED this 26th day of March, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**