# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| U-HAUL CO. OF NEVADA, INC., *et al.*, | ) |
| Plaintiffs, | ) Case No. 2:12-cv-00231-KJD-CWH |
| vs. | ) **ORDER** |
| GREGORY J. KAMER, LTD., *et al*., | ) |
| Defendants. | ) |

This matter is before the Court on Defendant Debra Wilcher's Emergency Motion for Protective Order (#75), filed September 13, 2012; Plaintiffs' Response (#76) and Countermotion for Leave to Exceed Ten Deposition Limit (#81), filed September 14, 2012; Defendant Wilcher's Reply in Support of Protective Order (#79), filed September 18, 2012; Defendant Wilcher's Response to Countermotion (#83), filed September 21, 2012; Plaintiffs' Reply (#82), filed September 21, 2012; Plaintiffs' Supplemental Brief (#90), filed October 9, 2012; Defendant Gregory J. Kamer Ltd.'s Supplemental Response (#91), filed October 9, 2012; and Defendant Wilcher's Supplemental Response (#92), filed October 9, 2012.

## BACKGROUND

This matter has a long, complex procedural history with which all parties and the Court are familiar. For the sake of brevity, the Court will not restate all of it here. Simply stated, Plaintiffs were represented by Gregory J. Kamer, Ltd. d/b/a Kamer Zucker & Abbott law firm ("KZA" or "Kamer") in unfair labor proceedings before NLRB. After the existence of an affair between NLRB counsel and a KZA paralegal, Debra Wilcher ("Wilcher") came to light, Plaintiffs severed their relationship with KZA and enlisted the services of other law firms in order to reopen the underlying case, which was eventually settled. This subsequent suit is brought against KZA and Wilcher for malpractice related claims.

Through no fault of the parties, the pending motions have become stale. On September 25,

2012, shortly after the motions were filed, now retired United States Magistrate Judge Robert Johnston conducted a lengthy hearing.  *See* Mins. of Proceedings (#84); Tr. of Proceedings (#85). Near the conclusion of the hearing, the parties were instructed to (1) file supplemental briefing and (2) not to conduct any further depositions until a decision was issued.  No decision issued and, upon Magistrate Judge Johnston's retirement, the case was reassigned to the undersigned Magistrate Judge with these motions still pending.  Prior to reassignment, discovery had expired and the parties had begun filing dispositive motions.

On February 14, 2013, in order to gauge where the parties stood on the pending motions, the undersigned conducted an additional hearing and heard argument from the parties.  *See* Mins. of Proceedings (#173); Tr. of Proceedings (#183).  Regarding the motions that are the subject of this order, the parties were in general agreement that the dispute had not been resolved.  The parties agreed that, depending on the decision on the motions, it may be necessary to conduct additional, albeit limited, discovery.  The undersigned confirmed that, consistent with instruction of Magistrate Judge Johnston, the parties did not conduct any additional depositions after the initial hearing.

Defendant Wilcher argues that Plaintiffs have sought to exceed the presumptive limit of ten depositions without first obtaining a stipulation or leave of court in violation of Fed. R. Civ. P. 30(a)(2).  Wilcher argues further that Plaintiffs should not be rewarded for adopting a "wasteful and careless" approach in taking depositions by being permitted to take additional depositions.  In Wilcher's view, there is no basis for the additional depositions under Fed. R. Civ. P. 26(b)(2).  In response, Plaintiffs dispute the counting method used by Wilcher and asserts that Wilcher had approved of the depositions by signing stipulations to extend discovery.  Plaintiffs also request that, in the event the Court determines they have already conducted ten depositions, that leave be granted to permit the deposition of Defendant Wilcher, attorneys Ed Keller and Scott Abbott with KZA, and Whitney Wilcher (Defendant Wilcher's husband).  In reply, Wilcher opposes any further depositions based on the belief that Plaintiffs are using inappropriate "strong-arm tactics" and a "scorched earth" strategy to impermissibly drive up the costs of litigation.  In so arguing, Wilcher proclaims that Plaintiffs have "frittered away their allotted amount of depositions" and should not be permitted to "scramble" around Rule 30's limitation.

Much of the hearing before Judge Johnston was spent trying to determine how depositions should be counted, both generally and in this case. During the course of the hearing, Plaintiffs agreed to limit any additional depositions to Defendant Wilcher, attorney Ed Keller, and attorney Scott Abbott. The same representation was made during the hearing before the undersigned. *See* Tr. of Proceedings (#182) at 77:17 - 78:6. Plaintiffs further agreed to pay all costs associated with bringing Defendant Wilcher to Las Vegas for the proposed deposition. *Id*. at 78:7-9. Nevertheless, Wilcher remains adamant that the depositions should not go forward.

**DISCUSSION**

These are straightforward motions with straightforward answers. The core issue is whether Plaintiffs should be permitted to conduct more than ten depositions. Defendant Wilcher has taken the position that (1) Plaintiffs improperly noticed in excess of ten depositions without agreement or leave in violation of Fed. R. Civ. P. 30(a), and (2) permitting the noticed depositions would be inconsistent with Fed. R. Civ. P. 26(b). Plaintiffs question the deposition count offered by Wilcher but, more importantly, seek leave to conduct additional depositions pursuant to Rule 30(a).

The analysis begins and ends with Rule 30(a)(2), which provides:

> A party must obtain leave of court, and the court must grant leave to the extent consistent with rule 26(b)(2):
>
> (A) if the party have not stipulated to the deposition and:
>
> (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 . . . .

Fed. R.Civ. P. 30(a)(2)(i). The Court will not address the parties deposition counting techniques. It is abundantly clear from the record, that Plaintiffs seek to exceed the presumptive ten-deposition limit imposed by Rule 30. *See Guthrey v. California Dep't of Corrections and Rehabilitation*, 2012 WL 3249554 (E.D. Cal.) (Rule 30(a)(2) presumptively limits the number of depositions each side may take). As the commentary indicates, there are two basic objectives to Rule 30's deposition limitation. First, "to assure judicial review under the standards stated in rule 26(b)(2) before any side will be allowed to take more than ten depositions without agreement of the other parties." *See* Advisory Committee Notes to 1993 Amendments. "A second objective is to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for

discovery in the case." *Id*.

Normally, "[c]onsideration should ... be given at the planning meeting of the parties under Rule 26(f) and at the time of a scheduling conference under Rule 16(b) as to enlargements or reductions in the number of depositions, eliminating the need for special motions." *Id*. The plain language of Rule 30 encapsulates the drafter's intent that parties confer during the Rule 26(f) meeting and agree to any necessary enlargement or reduction in the deposition limit. It is only when the parties are unable to agree that a motion to enforce the limitation becomes necessary. Importantly, the time for the parties to agree to additional depositions is not limited to the initial Rule 26(f) conference. Absent a court order, "the parties may stipulate that . . . other procedures governing or limiting discovery be modified." *See* Fed. R. Civ. P. 29(b) (stipulations extending the time for any form of discovery or that would interfere with the time set for completing discovery, for hearing a motion, or for trial must have court approval). The commentary to Rule 29 specifically states that "when more depositions or interrogatories are needed than allowed under these rules . . . [parties] can, by agreeing to the additional discovery, eliminate the need for a special motion addressed to the court." *See* Adv. Comm. Notes to 1993 Amendments.

Oftentimes, as discovery progresses the need for additional discovery or additional time to conduct discovery is presented. Consequently, a discovery schedule may be modified for good cause. *See* Fed. R. Civ. P. 16(b)(4) (under some circumstances, not applicable here, courts review requests to modify the scheduling order under an excusable neglect standard). In fact, stipulations to extend discovery are relatively common. Under the Local Rules, "[a]ny motion or stipulation to extend a deadline or to reopen discovery shall include: (a) A statement specifying the discovery completed; (b) A specific description of the discovery that remains to be completed; (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) A proposed schedule for completing all remaining discovery." *See* Local Rule ("LR") 26-4. Stipulations must be signed by the parties or counsel for the parties to be bound. *See* LR 7-1(a).

Against this backdrop, the first question the Court must address is whether the parties have stipulated to depositions in excess of Rule 30's presumptive limit. The undersigned has reviewed

the docket and finds that the answer to this question is an emphatic "yes." On August 27, 2012, approximately two weeks before Wilcher filed her motion (#75), the parties submitted a stipulation to extend the discovery deadlines in this case. *See* Stip. (#67). It is signed by counsel for all parties. It expressly lists 25 depositions, excluding expert depositions, which were noticed and set. *Id*. at 5:2 - 6:7. The vast majority of the listed depositions are the same as those to which Wilcher has now objected. If the rules cited herein are to have any meaning, certainly signing a stipulation to extend discovery that expressly contemplates a party taking more than ten depositions satisfies the stipulation requirements of Rule 29 and Rule 30. Indeed, parties are encouraged to resolve disputes through stipulation to eliminate the need for this type of motion.

The Court takes the scheduling order, and extensions thereof, very seriously. Any argument suggesting that parties cannot stipulate to depositions in excess of ten (10) via a stipulation to extend discovery is misplaced. The applicable rules contemplate that exactly these types of issues will be addressed by the parties as they formulate an initial discovery plan or seek a discovery extension based on specific discovery needs. The Court rejects any notion that Wilcher's counsel's signature on the stipulation to extend discovery (#67) is anything less than an agreement to exceed the ten deposition limit. As the Ninth Circuit has stated, "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without counsel's peril." *E.g. Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Nor does the decision to honor the terms of a binding scheduling order "exalt procedural technicalities." *Id*. Wilcher's counsel signed the stipulation and the Court approved it. *See* Order (#70). The stipulation to extend discovery, including the agreement to conduct depositions in excess of ten, will be enforced.

The Court further rejects the argument that the signed stipulation should be or was withdrawn. As stated by other courts, "[i]t is boilerplate law that . . . stipulation made in the presence of the court are enforceable." *E.g. Hamilton v. Williams*, 2007 WL 707518 (E.D. Cal.). "Because stipulations serve both judicial economy and the convenience of the parties, courts will enforce them absent indications of involuntary or uninformed consent. *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999). There is nothing before the Court to suggest that the parties entered into the stipulation to extend discovery in an involuntary or uninformed manner.

5

Even though the parties stipulated to depositions in excess of ten, the question of whether a protective order is appropriate as to some of the depositions remains. Federal Rule of Civil Procedure 26(c) permits the court in which an action is pending to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression or undue burden or expense" upon motion by the party or person from whom discovery is sought. Fed. R. Civ. P. 26(c). During the hearing on this matter, Plaintiffs agreed to limit any additional depositions to Defendant Wilcher, attorney Ed Keller, and attorney Scott Abbott. Plaintiffs further agreed to pay all costs associated with bringing Defendant Wilcher to Las Vegas for the proposed deposition. The Court will hold Plaintiffs to these representations. Because Wilcher's motion is granted in part and denied in part, each party will bear their own fees. *See* Fed. R. Civ. P. 37(a)(5)(C).

## CONCLUSION

Unfortunately, depositions in this matter were delayed for several months after the filing of these motions. In all likelihood, this decision will necessitate the reopening of discovery. The parties are instructed to meet and confer and submit a written joint status report addressing the need to reopen discovery.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Debra Wilcher's Emergency Motion for Protective Order (#75) is **granted in part and denied in part** as stated herein.

**IT IS FURTHER ORDERED** that Plaintiffs' Countermotion for Leave to Exceed Ten Deposition Limit (#81) is **denied as moot**.

**IT IS FURTHER ORDERED** that the parties shall meet and confer and submit a written joint status report addressing the need to reopen discovery and the effect thereof on the pending dispositive motions. The written joint status report shall comply in all particulars with the requirements of LR 26-4 and shall be filed not later than **Friday, April 5, 2013**.

DATED: March 26, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**