# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

U-HAUL CO. OF NEVADA, INC., *et al.*,   )
                            )
        Plaintiff,       )     Case No.  2:12-cv-00231-KJD-CWH
                            )
vs.                      )     **ORDER**
                            )
GREGORY J. KAMER, LTD., *et al.*,    )
                            )
        Defendants.     )

This matter is before the Court on Defendant Gregory J. Kamer, Ltd.'s Motion to Compel (#60), filed on August 6, 2012.  The Court also considered Non-Party Bingham Greenebaum Doll, LLP's Response (#68), filed on August 27, 2012, Plaintiff U-Haul Co. Of Nevada, Inc.'s Response (#71), filed on August 30, 2012, and Defendant Gregory J. Kamer, Ltd.'s Reply (#74), filed on September 10, 2012.  The undersigned held a hearing regarding this motion on February 14, 2013.

## BACKGROUND

The parties and the Court are familiar with the procedural and factual background in this case.  As a result, the Court will only provide a brief recitation of the facts and circumstances relevant to the motion at issue.  Plaintiffs retained Gregory J. Kamer, Ltd. d/b/a Kamer Zucker & Abbott law firm ("KZA" or "Kamer") to represent them in several consolidated National Labor Relations Board ("NLRB") unfair labor practice proceedings ("NLRB Proceedings").  NLRB General Counsel appointed Nathan W. Albright and Steven Wamser to prosecute Plaintiffs.  After the news of an affair between NLRB prosecutor, Nathan W. Albright, and a KZA paralegal, Debra Wilcher ("Wilcher"), came to light, Plaintiffs enlisted the services of other law firms ("Subsequent Law Firms") to reopen the NLRB Proceedings.  Plaintiffs eventually settled the NLRB Proceedings and brought this action against Kamer and Wilcher for malpractice related claims alleging improper use of confidential information in the NLRB Proceedings that resulted in Plaintiffs incurring

1    substantial, unnecessary legal fees.

2          It is undisputed that Kamer has possession of boxes of documents including law firm

3    records numbering approximately 50,000 pages of evidence, client communications, analysis, and

4    pleadings related to the NLRB Proceedings ("NLRB Proceedings Documents").  Based on

5    Plaintiffs' broad assertion of attorney client privilege, Kamer has been unable to use or refer to

6    many of the NLRB Proceedings Documents during discovery.  In the instant motion, Kamer seeks

7    to compel deposition testimony and production of NLRB Proceedings Documents.  Kamer argues

8    that Plaintiffs waived any privilege over NLRB Proceedings Documents by bringing the legal

9    malpractice claims.  Additionally, Kamer contends that there has been a waiver of attorney-client

10   privilege and work-product doctrine for any documents relating to the NLRB Proceedings

11   ("Subsequent Documents") in possession of the Subsequent Law Firms.  Kamer alleges that

12   Subsequent Documents should be produced because they are relevant to refute the damages

13   claimed.  Specifically, Kamer requests the following relief: (1) the attorney-client privilege is

14   waived as to all communications between KZA and Plaintiffs related to the NLRB Proceedings and

15   all such communications may be admitted into evidence; (2) the work-product privilege is waived

16   as to all work product created by KZA related to the NLRB Proceedings and all such work product

17   may be admitted into evidence; (3) all KZA attorneys and other attorneys who represented

18   Plaintiffs in the NLRB Proceedings are permitted to provide deposition and trial testimony relevant

19   to this case; (4) Plaintiffs have waived any privilege by claiming damages in legal fees paid to

20   KZA; (5) all counsel other than KZA are directed to provide deposition testimony relevant to this

21   case; (6) all counsel other than KZA are directed to produce documentation relevant to this case;

22   and (7) Plaintiffs are precluded from asserting any attorney-client privilege at depositions and at

23   trial.

24         In response, Plaintiffs argue that the motion to compel is procedurally deficient because

25   Kamer failed to (1) set forth the full text of discovery sought and (2) failed to make a good faith

26   effort to resolve this dispute before filing the motion.  Plaintiffs also argue that the discovery

27   Kamer seeks falls outside the scope of any implied waiver of privilege.  Specifically, Plaintiffs

28   allege that the attorney-client privilege and work product privilege have not been waived as it

relates to NLRB Proceedings Documents despite the legal malpractice action and claimed damages of all legal fees. According to Plaintiffs there is no blanket waiver of the attorney-client privilege and work-product doctrine by the mere filing of an action for legal malpractice, especially with respect to communications with subsequent attorneys who are not a party to the suit. Even when facing an at-issue or implied waiver situation, Plaintiffs argue the court must ensure any waiver is no broader than necessary to ensure the fairness of the proceedings before it.

## DISCUSSION

### I.    Prerequisites of Judicial Consideration

Pursuant to Rule 37(a)(1), a party seeking to compel responses to discovery requests "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37's meet and confer requirement and LR 26–7(b)'s personal consultation requirement serve important purposes. Compliance is required "to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev. 1993). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Id.* Furthermore, Local Rule ("LR") 26-7(b) requires that all motions to compel discovery "set forth in full the text of the discovery originally sought and the response thereto, if any."

Plaintiffs argue that the Court should not consider the motions because Kamer failed to comply with the meet and confer requirements set forth in Rule 37(a)(1) and Local Rule ("LR") 26-7(b). Plaintiffs further allege that the motion should be denied because does not comply with LR 26–7(a) as it does not set forth the text of the discovery originally sought and the response. None of the alleged procedural defects will prevent the Court from considering the motion. Generally speaking, there are several aspects of the briefing that address the relevant issues in broad generalities and are untethered to specific requests or well-defined disputes. In the undersigned's view, both parties to this motion bear relatively equal blame as to the lack of specifics. The Court

3

1   is not persuaded by Plaintiffs' argument the motion should be denied for failure to comply with the

2   meet and confer requirements.  After careful consideration of the motion papers and representations

3   at the February 14, 2013 hearing, the Court finds that Kamer conducted a sufficient meet and

4   confer.  Plaintiffs made it clear that they refused to produce the NLRB Proceedings Documents or

5   waive the attorney-client privilege and work-product doctrine without a Court order.  The Court is

6   also not convinced that it should deny the motion for failure to adequately demarcate what

7   discovery should be compelled.  The Court has broad discretion to control discovery, including the

8   decision to allow or deny discovery.  *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.

9   1988).  Based on Plaintiffs' broad assertion of attorney-client privilege and work-product doctrine,

10  Kamer's motion had a similarly broad scope.  The Court can determine, based on Kamer's motion,

11  the parameters of this dispute.

12  **II.**    **Motion to Compel**

13          **A.**    **KZA Documents At Issue**

14                *1.*    *Evidentiary Ruling*

15          Based on the type of relief requested in the motion, it is more properly construed as a

16  motion in limine.  Kamer is already in possession of the documents at issue and does not need

17  Plaintiffs to produce the NLRB Proceedings Documents.  Kamer's request asks that the documents,

18  communications, and work-product of KZA relating to the NLRB Proceedings be admitted into

19  evidence, Kamer be allowed to offer trial testimony regarding NLRB Proceedings Documents, and

20  Plaintiffs be precluded from asserting any attorney-client privilege objections during trial.  In doing

21  so, Kamer seeks an advisory opinion from the undersigned on an issue that should be raised in a

22  motion in limine filed before trial or during the trial itself.  The undersigned declines to issue such

23  an opinion and finds that, to the extent Kamer seeks a ruling on admissibility of evidence at trial,

24  the request is premature.

25                *2.*    *Deposition Testimony*

26          Kamer seeks to be allowed to offer and obtain deposition testimony regarding the NLRB

27  Proceedings Documents, for which Plaintiffs have asserted the privilege.  Thus, the question before

28  the Court is whether Plaintiffs have waived their attorney-client privilege with respect to the

information Kamer seeks to use during depositions and discovery.

"[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. In Nevada, as a general rule, "A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications" relating to attorney representation. NRS 49.095. However, "a party waives his privilege if he affirmatively pleads a claim or defense that places at-issue the subject matter of privileged material over which he has control." *Wardleigh v. Second Judicial Dist. Court*, 891 P.2d 1180, 1186 (Nev. 1995) (citation omitted). "Therefore, at-issue waiver occurs when the holder of the privilege pleads a claim or defense in such a way that eventually he or she will be forced to draw upon the privileged communication at trial in order to prevail, and such a waiver does not violate the policies underlying the privilege." *Id.* In such cases, at-issue waiver is treated as an "anticipatory waiver" because it anticipates a waiver will occur at trial because "the party asserting the privilege bears the burden of proof on an issue and can meet that burden only by introducing evidence of a privileged nature." *Id.*

Here, Plaintiffs have filed a malpractice suit against Kamer with claims of constructive fraud, unjust enrichment, breach of fiduciary duty, and damages in the form of disgorgement of attorneys fees. Essentially, Plaintiffs have affirmatively put KZA's full and complete representation at issue. Plaintiffs claim that, but for KZA's alleged malpractice and the alleged misconduct of KZA's agent they would not have entered into the settlement agreement. To that end, Plaintiffs seek to recover the entire amount of legal fees paid to KZA as a measure of damages. By attacking the representation and seeking all fees arising from the representation, Plaintiffs, not Kamer, have put the representation in question. This is even more evident based on the deposition of Mr. Kamer, during which Plaintiffs' attorney, repeatedly asked questions Mr. Kamer could not answer because of the privilege. In fact, Mr. Kamer alerted Mr. Morris to the privilege issue each time and if Mr. Morris did not withdraw the question, Mr. Kamer declined to answer the question because Plaintiffs' counsel invoked the privilege. As a result, Plaintiffs have sought to elicit deposition testimony based on the NLRB Proceedings Documents while also preventing Defendants from using the NLRB Proceedings Documents to defend themselves.

These actions are plainly prejudicial to Kamer's ability to defend this action and an abuse of the attorney-client privilege. It is unfair for Plaintiffs to assert such blanket privilege objections while suing for malpractice, questioning the KZA and Wilcher's conduct, and seeking to recover fees as a measure of damages. Plaintiffs have placed the advice and conduct of their former counsel at issue while continuing to assert a privilege relating to that conduct or advice. If permitted, attorney defendants (and likewise their agents) would be at a severe disadvantage and effectively prevented from mounting any meaningful defense to legal malpractice allegations allegations. Kamer is entitled to show how and why Plaintiffs would have suffered the same outcome in the underlying proceeding even if the alleged disclosures of confidential information were never made. Such a demonstration may negate causation, an essential element of Plaintiffs' case. Being able to depose witnesses and use the documents is vital to Kamer's defense. Accordingly, the Court finds that Plaintiffs have waived the attorney-client privilege by calling Kamer's defense in the NLRB Proceedings into question. The Court grants in part the motion to compel to the extent that it will allow Kamer to use any document in its possession related to the NLRB Proceedings, including communications, work product, documentation, and deposition testimony, in any future depositions or discovery and in support of dispositive motions.

### B.    Subsequent Law Firm Documents

The only additional deposition and documentary evidence sought in the motion to compel are those of subsequent attorneys or law firms who worked on the NLRB Proceedings with respect to its reopening and settlement. Plaintiffs seek damages in the form of fees paid to two Subsequent Law Firms as a result of reopening the NLRB Proceedings based on KZA's alleged malpractice. Kamer asserts that Plaintiffs waived their attorney-client privilege with Subsequent Law Firms when Plaintiffs sued Kamer for malpractice. Moreover, Kamer argues that because Plaintiffs seek damages for the defense and settlement of the NLRB Proceedings, then any facts surrounding that litigation are central to the question of whether Kamer can be held liable for malpractice. Kamer alleges that without receiving all of the Subsequent Documents surrounding the underlying litigation and its settlement, including documents that reveal otherwise privileged communications, it would be impossible to determine whether and to what extent Plaintiffs' alleged loss resulted

from Kamer's alleged malpractice.  However, to grant the requested relief, the Court would need to find that Plaintiffs have waived the attorney-client privilege and work product doctrine as to the second law firm.

### 1. *Attorney Client Privilege*

The Court notes Kamer does not argue that the Subsequent Law Firms were the cause of the malpractice.  No question exists regarding who allegedly committed the malpractice of which Plaintiffs complain.  Kamer's alleged malpractice was already complete at the time the subsequent attorneys were retained.  Thus, the subsequent representation has not been called into question and Plaintiffs have not waived the attorney client privilege.  Moreover, to challenge damages, Kamer may attack the billing statements that have already been produced by Plaintiffs.  Based on the representations of counsel during the hearing, the parties disagree as to whether the billing records were produced in redacted or unredacted form.  Plaintiffs represent that the records have been produced in unredacted form.  Thus, for the sake of clarity, Plaintiffs are ordered to produce all billing records from the Subsequent Law Firms, in unredacted form, to Kamer within seven (7) days of this order.

### 2. *Work-Product Doctrine*

The work-product doctrine provides a broader protection than the attorney-client privilege and is designed to protect the right of an attorney to thoroughly prepare his case and to preclude a less diligent adversary attorney from taking undue advantage of the former's efforts.  *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947).  It has been held, however, that the work product doctrine protects materials prepared for any litigation or trial so long as they were prepared by or for a party to the subsequent litigation.  *Federal Trade Comm'n v. Grolier Inc.*, 462 U.S. 19, 25-26 (1983).

Similar to the argument made with respect to the attorney-client privilege, Kamer contends that Plaintiffs waived the work-product privilege by suing Kamer for malpractice.  Again, Kamer asserts that without reviewing all the documents surrounding the underlying litigation and its settlement, including the Subsequent Law Firms' documents that reveal otherwise privileged work product, it would be impossible to determine whether and to what extent Plaintiffs' alleged loss resulted from Kamer's alleged malpractice.

7

Although the Subsequent Law Firms' documentation and work product may be relevant to the issues raised in this case, Kamer has not convinced this Court that its potential relevance justifies waiver of the work product doctrine in this case. To be sure, if a lawyer's work product were subject to disclosure to opposing counsel merely on a showing of relevancy, much of what is now memorialized in writing would remain unwritten. "Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served." *Hickman*, 329 U.S. at 511. That is not to say that "all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where . . . those facts [are] essential to the preparation of one's case, discovery may properly be had." *Id.* But, "the burden rests on the one who would invade that privacy to establish adequate reasons to justify production." *Id.* Here, the burden rests on Kamer and Kamer has not convinced this Court that the relevance of those documents weighs in favor of waiving the work-product doctrine protection. Kamer's request is overly broad as it does not specifically identify what is requested and how it is not otherwise accessible. The Court will not impose a waiver of the work-product doctrine without a demonstration that fairness requires it. Thus, the Court denies the motion to compel to the extent it seeks waiver of the work-product doctrine related to the Subsequent Law Firms' documentation, except billing records as discussed above.

### III.    Reasonable Expenses

The motion before the Court has been granted in part and denied in part. Federal Rule of Civil Procedure 37(a)(5)(C) provides that "[i]f the motion is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." The Court declines to make any award of fees or expenses under the circumstances. This motion was the result of lengthy exchanges between counsel regarding the scope of attorney-client privilege and work-product privilege. Kamer's Motion to Compel sought an overly broad and premature order from the Court regarding wavier of these privileges. In doing so, Kamer requested seven forms of relief, outlined above, that the Court found to be overly broad. On the other hand,

8

Plaintiffs' assertion of these privileges was not substantially justified in its entirety.  It is not surprising that such a blanket assertion of privilege objections necessitated court action.  Moreover, Plaintiffs asserted procedural defects in the motion to compel that the Court found to be unwarranted.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Gregory J. Kamer, Ltd.'s Motion to Compel (#60) is **granted in part, denied in part without prejudice as to the evidentiary rulings, and denied in part,** as discussed above.

**IT IS FURTHER ORDERED** that Kamer may use any documents in its possession related to the NLRB Proceedings in any future depositions allowed by this Court or for any other lawful purpose.

**IT IS FURTHER ORDERED** that Plaintiffs are ordered to produce all billing records from the Subsequent Law Firms in unredacted form to Kamer within **seven (7) days** of this order.

**IT IS FURTHER ORDERED** that the parties are to bear their own expenses incurred in bringing and opposing this motion.

DATED this 26th day of March, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

9