# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| U-HAUL CO. OF NEVADA, INC., *et al.*, ) <br> Plaintiffs, ) <br> vs. ) <br> GREGORY J. KAMER, LTD., *et al*., ) <br> Defendants. ) | Case No.  2:12-cv-00231-KJD-CWH <br><br> **ORDER** |

     This matter is before the Court on Defendant Debra Wilcher's Emergency Motion to Stay Discovery (#234), filed April 18, 2013; Plaintiffs' Response (#240), filed April 26, 2013; and Defendant Wilcher's Reply (#241), filed May 6, 2013. Based on its review of the parties joint status report (#221), the Court reopened discovery in this matter for a limited time and for limited purposes. *See* Order (#227) at 1:16-25. Defendant Wilcher objects and seeks a stay of all discovery until her pending motions for summary judgment are resolved. The basis of the request is Wilcher's contention that resolution of her pending summary judgment motions 116, 123, 132, 133, and 135 may resolve or limit the need for discovery. The Court has reviewed the request and finds that a stay is not appropriate.

     As a general matter, courts have broad discretionary power to control discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The party seeking a stay of discovery "carries the heavy burden of making a strong showing why discovery should be denied." *Tradebay*, 278 F.R.D. 597, 601 (D. Nev.) (citing *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997)). As a general matter, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner Broadcasting*, 175 F.R.D. at 554, 555-6 (quotation omitted). An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases. Discovery in this matter has already been delayed for a substantial period of time. In its order reopening discovery, the Court limited discovery to the

specific depositions referenced, while permitting the parties to petition for additional time if warranted by the depositions. While it is true that some of the pending summary judgment motions are fully briefed, there are several that were denied without prejudice in the Court's order (#227) precisely because they may be affected by the additional discovery.

Additionally, the Court has taken a "preliminary peek" at the pending motions and finds that Wilcher has not carried her "heavy burden" to show that the limited discovery should be denied. The "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Tradebay*, 278 F.R.D. at 601 (citation omitted). Wilcher's basis for the stay is set forth in short conclusory statements that the Court finds insufficient to support the requested stay. *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev.) (courts generally insist on a particular and specific demonstration of fact as opposed to merely conclusory statements that a stay is warranted). The other rationale for the stay appears to be that it would be costly. That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Debra Wilcher's Emergency Motion to Stay Discovery is **denied**. Discovery should go forward as ordered in the Court's Order (#227).

DATED: May 20, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**