# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U-HAUL CO. OF NEVADA, INC., *et al.*,

　　Plaintiffs,

v.

GREGORY J. KAMER, LTD., *et al.*,

　　Defendants.

Case No. 2:12-CV-00231-KJD-RJJ

**ORDER**

　　Plaintiff U-Haul Co. of Nevada, Inc. ("U-Haul") filed a Motion for Reconsideration (#100). Defendants Gregory J. Kamer, Ltd. ("Kamer") and Debra Wilcher ("Wilcher") responded (##103 and 107 respectively). Plaintiff replied to both (##108 and 112 respectively). Plaintiff also supplemented its Motion (#155). Additionally, before the Court is Defendant Wilcher's Motion to Strike Plaintiffs' Supplement to Motion for Reconsideration of Order Denying Motion to Remand (#156). Defendant Kamer joined the Motion (#158), Plaintiff responded (#159) and Defendant Wilcher replied (#176).

I. Motion for Reconsideration

　　At bottom, Plaintiff petitions this Court to reconsider its prior order denying remand to the state courts because all federal claims and parties have now been dismissed. All parties correctly note that it is within the Court's discretion to retain or decline jurisdiction in this matter. Satey v.

JPMorgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008). In making its decision, this Court looks to "the values of judicial economy, convenience, fairness, and comity[.]" Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).

This case has been on-going for more than six years, the vast majority of which has been spent in the federal courts. Further, this matter has proven to be hotly contested at every turn. This has led the Court not only to engage this matter in substantial depth, but has made remand a heavy burden for any receiving court. Rather than impose such a burden on the state courts after nearly six years of litigation in the federal courts, and rather than interrupt discovery which has been ongoing in this Court for some time, the Court elects to retain jurisdiction in this matter.

II. Motion to Strike

The Court reminds all parties that conformity to all relevant Rules, including the Rules of the Case, are integral to the competent practice of law. Nevertheless, given the minimal scope and content of the supplement, Defendants' Motion to Strike (#156) is denied.

III. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider (#100) is **DENIED**; **IT IS FURTHER ORDERED** that Defendants' Motion to Strike (#156) is **DENIED**.

DATED this 15th day of August 2013.

_____
Kent J. Dawson
United States District Judge