# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U-HAUL CO. OF NEVADA, INC., *et al.*,

    Plaintiffs,

v.

GREGORY J. KAMER, LTD., *et al.*,

    Defendants.

Case No. 2:12-CV-00231-KJD-CWH

**ORDER**

    Before the Court is Defendant Debra Wilcher's ("Wilcher") Objection to the Order Concerning Defendant, Debra Wilcher's, Emergency Motion For Protective Order (#228). Plaintiff U-Haul ("U-Haul") responded (#236) and Defendant Wilcher replied (#242). The Order objected to (#217), denies Wilcher's Motion (#75) which was intended to avoid further depositions, including her own.

I. Background

    This matter has a long, complex procedural history with which all parties and the Court are familiar. For the sake of brevity, the Court will not restate all of it here. Simply stated, Plaintiffs were represented by Gregory J. Kamer, Ltd. d/b/a Kamer Zucker & Abbott law firm ("KZA" or "Kamer") in unfair labor proceedings before NLRB. After the existence of an affair between NLRB counsel and a KZA paralegal, Debra Wilcher ("Wilcher") came to light, Plaintiffs severed

their relationship with KZA and enlisted the services of other law firms in order to reopen the underlying case, which was eventually settled. This subsequent suit is brought against KZA and Wilcher for malpractice related claims.

On February 14, 2013, in order to gauge where the parties stood on the pending motions, Magistrate Judge Hoffman conducted an additional hearing and heard argument from the parties. *See* Mins. of Proceedings (#173); Tr. of Proceedings (#183). The parties were in general agreement that the dispute had not been resolved. The parties agreed that, depending on the decision on the motions, it may be necessary to conduct additional, albeit limited, discovery. Magistrate Judge Hoffman confirmed that, consistent with instruction of Magistrate Judge Johnston, the parties did not conduct any additional depositions after the initial hearing.

Much of the hearing before Judge Johnston was spent trying to determine how depositions should be counted, both generally and in this case. During the course of the hearing, Plaintiffs agreed to limit any additional depositions to Defendant Wilcher, attorney Ed Keller, and attorney Scott Abbott. The same representation was made during the hearing before Magistrate Judge Hoffman. *See* Tr. of Proceedings (#182) at 77:17 - 78:6. Plaintiffs further agreed to pay all costs associated with bringing Defendant Wilcher to Las Vegas for the proposed deposition. *Id*. at 78:7-9. Nevertheless, Wilcher remains adamant that the depositions should not go forward.

Ultimately, Magistrate Judge Hoffman found that the parties had stipulated to more than ten depositions, but limited the depositions to Defendant Wilcher, attorney Ed Keller, and attorney Scott Abbott.

II. Standard of Review

A District Judge should modify or set aside a Magistrate Judge's Order if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72; LR IB 3-1.

III. Analysis

Defendant Wilcher asserts that Magistrate Judge Hoffman's Order was clearly erroneous on four grounds. First, that the Order improperly construed the parties' stipulation as to depositions.

Second, that no stipulation was entered into. Third, that allowing the depositions fails to adequately tailor discovery to the needs of the case. Fourth, there are pending dispositive motions.

### A. Construing the Parties' Stipulation

Both objections to the stipulation will be dealt with together. First, as noted by the Magistrate Judge, all parties–including Wilcher–signed the discovery stipulation which included twenty-five deponents (#67). To support Wilcher's argument that no stipulation exists, she relies exclusively on a strained application of an unreported case from the Eastern District of California, Truong v. Sacramento County Sheriff Dept., 2012 WL 5707228. Defendant reads this case to hold that the mere failure to object to depositions beyond ten is not a stipulation to allow more than ten depositions. The Court does not disagree. However, this case is not on point. Rather than failing to object, Wilcher signed the stipulation referencing an additional twenty-five depositions to be taken. Accordingly, no clear error is found on this ground.

Wilcher further contends that even if a stipulation does exist, Wilcher's name was not on the stipulated list and so she is not subject to being deposed. However, it is at best unclear that an agreement to exceed ten depositions necessarily precludes the substitution of parties to be deposed. Further, Plaintiff points to evidence in the stipulation itself suggesting that Wilcher was unintentionally omitted from the list (the inclusion of her place of residence as a deposition location, despite no other deponents being located in the vicinity). Accordingly, the Court does not find clear error in the Magistrate Judge allowing Wilcher to be deposed.

### B. Tailoring the Depositions to the Needs of the Case

Federal Rule of Civil Procedure 30(a)(2) requires the court's permission (consistent with Rule 26(b)(2)) unless the parties have stipulated to the deposition and it would result in more than ten depositions being taken. The Magistrate Judge found that the parties had so stipulated, and so allowed the deposition, and the Court does not find clear error.

However, the same result would be reached even under a full Rule 26(b)(2) analysis. This Rule requires the courts to balance discovery with various concerns. Fed. R. Civ. P. 26(b)(2). At

issue here are the principles in sub-iii, which balance the burden and expense of discovery against its benefit, taking into consideration "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Id.

Here, Wilcher is not only a party, but the sole surviving party to the activities which sparked this entire case. Her testimony is among the most vital in this matter, and her testimony will very likely move this case toward conclusion, either through settlement or at trial. Given the long and embattled history of this case, the cost of three additional depositions is slight, especially relative to their likely impact on the matter. Accordingly, the depositions should go forward under Rule 26(b)(2) analysis.

### C. Pending Dispositive Motions

Wilcher argues that allowing discovery to continue prior to a determination as to the dispositive motions is unfairly prejudicial because Wilcher's arguments are now "out in the open." However, our judicial system has abandoned the concept of ambush adjudication, preferring instead to reach decisions on the merits of the matter. Erskine v. Consol. Rail Corp., 814 F.2d 266, 272 (6th Cir. 1987). Further, whatever prejudice would be effected by allowing discovery after the filing of dispositive motions is outweighed by the prejudice that would be effected if Wilcher was not permitted to be deposed. Additionally, it is possible and perhaps even likely that some of the new deposition testimony will inform the disposition of various dispositive motions. Lastly, all parties, including Wilcher, agreed before Magistrate Judge Hoffman that additional discovery might be necessary. Wilcher cannot change her tune simply because her own deposition is in the offing.

### IV. Conclusion

This Court finds no clear error in Magistrate Judge Hoffman's determinations, and has found additional grounds in their support. Further, Defendant Wilcher's remaining arguments are unpersuasive.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Objection to the Order Concerning Defendant, Debra Wilcher, Emergency Motion for Protective Order (#228) is **DENIED** and Magistrate Judge Hoffman's Order (#217) is **AFFIRMED**.

DATED this 15th day of August 2013.

_____
Kent J. Dawson
United States District Judge