# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U-HAUL CO. OF NEVADA, INC., *et al.*,

    Plaintiffs,

v.

GREGORY J. KAMER, LTD., *et al.*,

    Defendants.

Case No. 2:12-CV-00231-KJD-CWH

**ORDER**

    Before the Court is Plaintiff U-Haul Co. of Nevada, Inc.'s ("U-Haul") Motion to Exclude Defendants' Expert Witnesses (#140). Defendant responded (#151) and Plaintiff replied (#161).

I. Background

    The parties and the Court are familiar with the procedural and factual background in this case. Therefore, the Court will provide only a brief recitation of the facts and circumstances relevant to the motion at issue. Plaintiffs retained Gregory J. Kamer, LTD. ("Kamer") to represent them in several consolidated National Labor Relations Board ("NLRB") unfair labor practice proceedings. Kamer employed Wilcher as a paralegal during this period. NLRB General Counsel appointed Nathan W. Albright ("Albright") and Steven Wamser to prosecute Plaintiffs. After an affair between Albright and Wilcher came to light, Plaintiffs enlisted the services of other law firms ("Subsequent Law Firms") to reopen the NLRB Proceedings. Plaintiffs eventually settled the NLRB

Proceedings and brought this action against Kamer and Wilcher for malpractice related claims alleging improper use of confidential information in the NLRB Proceedings.

Plaintiff objects to three expert witnesses: Denise Kay, who is to testify regarding various "human resources" procedures and duties; Fred Feinstein, who is to testify regarding NLRB proceedings and practices; and Geoffrey Hazard, Jr., who is to testify regarding professional ethics in the legal field.

II. Analysis

Among other requirements, expert testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Plaintiff's Motion to exclude Defendants' expert witnesses is based solely on this requirement. The language quoted above emphasizes that experts are to "help" the trier of fact, not replace it. However, the propriety of virtually any expert testimony is at best ambiguous without substantive context. At bottom, the Court acknowledges that the expertise of each of Defendants' experts may assist the trier of fact, but also that such testimony may ultimately be unhelpful or usurping of the jury's role. Accordingly, while the Court declines to exclude the witnesses at this point, appropriate motions in limine or timely objections should be brought to properly constrain the scope of expert testimony. Further, Defendants are cautioned to confine their use of expert testimony to descriptions rather than conclusions.

III. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Exclude Defendants' Expert Witnesses (#140) is **DENIED**.

DATED this 19th day of August 2013.

_____
Kent J. Dawson
United States District Judge