1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

8
9
10  U-HAUL CO. OF NEVADA, INC., *et al*.,

11       Plaintiffs,                          Case No. 2:12-CV-00231-KJD-CWH

12  v.                                        **ORDER**

13  GREGORY J. KAMER, LTD., *et al*.,

14       Defendants.

15

16          Before the Court is Plaintiff U-Haul Co. of Nevada, Inc.'s ("U-Haul") Motion to Exclude

17  Defendants' Expert Witnesses (#140). Defendant responded (#151) and Plaintiff replied (#161).

18  I. Background

19          The parties and the Court are familiar with the procedural and factual background in this

20  case. Therefore, the Court will  provide only a brief recitation of the facts and circumstances

21  relevant to the motion at issue. Plaintiffs retained Gregory J. Kamer, LTD. ("Kamer") to represent

22  them in several consolidated National Labor Relations Board ("NLRB") unfair labor practice

23  proceedings. Kamer employed Wilcher as a paralegal during this period. NLRB General Counsel

24  appointed Nathan W. Albright ("Albright") and Steven Wamser to prosecute Plaintiffs. After an

25  affair between Albright and Wilcher came to light, Plaintiffs enlisted the services of other law firms

26  ("Subsequent Law Firms") to reopen the NLRB Proceedings. Plaintiffs eventually settled the NLRB

1  Proceedings and brought this action against Kamer and Wilcher for malpractice related claims

2  alleging improper use of confidential information in the NLRB Proceedings.

3          Plaintiff objects to three expert witnesses: Denise Kay, who is to testify regarding various

4  "human resources" procedures and duties; Fred Feinstein, who is to testify regarding NLRB

5  proceedings and practices; and Geoffrey Hazard, Jr., who is to testify regarding professional ethics in

6  the legal field.

7  II. Analysis

8          Among other requirements, expert testimony must "help the trier of fact to understand the

9  evidence or to determine a fact in issue." Fed. R. Evid. 702. Plaintiff's Motion to exclude

10 Defendants' expert witnesses is based solely on this requirement. The language quoted above

11 emphasizes that experts are to "help" the trier of fact, not replace it. However, the propriety of

12 virtually any expert testimony is at best ambiguous without substantive context. At bottom, the Court

13 acknowledges that the expertise of each of Defendants' experts may assist the trier of fact, but also

14 that such testimony may ultimately be unhelpful or usurping of the jury's role. Accordingly, while

15 the Court declines to exclude the witnesses at this point, appropriate motions in limine or timely

16 objections should be brought to properly constrain the scope of expert testimony. Further,

17 Defendants are cautioned to confine their use of expert testimony to descriptions rather than

18 conclusions.

19 III. Conclusion

20         **IT IS HEREBY ORDERED** that Plaintiff's Motion to Exclude Defendants' Expert

21 Witnesses (#140) is **DENIED**.

22 DATED this 19th day of August 2013.

23

24

25         _____

26         Kent J. Dawson
           United States District Judge