1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U-HAUL CO. OF NEVADA INC., *et al*.,

    Plaintiffs,

v.

GREGORY J. KAMER, LTD., *et al*.,

    Defendants.

Case No. 2:12-CV-00231-KJD-CWH

**ORDER**

    Before the Court is Defendant Debra Wilcher's ("Wilcher") Objection to the Order Concerning Joint Status Report on Reopening Discovery (#236). Plaintiff U-Haul Co. of Nevada Inc., responded (#244) and Defendant replied (#246). The Order objected to is #227.

I. Background

    The parties and the Court are familiar with the procedural and factual background in this case. Therefore, the Court will  provide only a brief recitation of the facts and circumstances relevant to the motion at issue. Plaintiffs retained Gregory J. Kamer, LTD. ("Kamer") to represent them in several consolidated National Labor Relations Board ("NLRB") unfair labor practice proceedings. Kamer employed Wilcher as a paralegal during this period. NLRB General Counsel appointed Nathan W. Albright ("Albright") and Steven Wamser to prosecute Plaintiffs. After an affair between Albright and Wilcher came to light, Plaintiffs enlisted the services of other law firms

("Subsequent Law Firms") to reopen the NLRB Proceedings. Plaintiffs eventually settled the NLRB Proceedings and brought this action against Kamer and Wilcher for malpractice related claims alleging improper use of confidential information in the NLRB Proceedings.

Wilcher contends that Magistrate Judge Hoffman's Order (#227) is clearly erroneous in denying without prejudice several of Defendant's dispositive motions, especially #72 which deals with issue preclusion. The remaining motions (##97, 126, and 134) deal with conversion, conspiracy, and punitive damages, respectively. These motions were denied without prejudice under Rule 56(d).

II. Standard of Review: Clearly Erroneous

A District Judge should modify or set aside a Magistrate Judge's Order if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72; LR IB 3-1. To be clear, Defendant's burden is high. Not only must Defendant persuade the Court on the merits, but it must also demonstrate that the Magistrate Judge was in clear error.

III. The Stipulation

The Magistrate Judge found–and the parties do not dispute–that the parties represented to the Court that there was uncertainty regarding the effect of discovery on various motions (#227). Accordingly, the Magistrate Judge denied these motions without prejudice in an effort to manage and simplify the motions in this case. As the Magistrate Judge's action was based on the representations of the parties and its own proper discretion[1], it was not in clear error.

IV. Analysis Under Rule 56(d)

Rule 56(d) relates to motions for summary judgment. Fed. R. Civ. P. 56. If a non-movant shows by affidavit or declaration that it cannot present facts essential to justify its opposition, the Court has a wide array of options. Fed. R. Civ. P. 56(d). The Court may defer or deny the Motion, facilitate discovery or "issue any other appropriate order." Id.

---

[1] See Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) (discussing the broad discretion courts possess in managing the docket "with economy of time for itself, for counsel, and for litigants.").

2

1    Here, U-Haul provided a declaration that it cannot present facts essential to justify its

2  opposition (#86, Ex. 26). Further, the Magistrate Judge denied the motions without prejudice, in

3  harmony with Rule 56. The sole remaining point of contention is whether U-Haul has "shown" that it

4  cannot present facts essential to justify its opposition.

5    A. #72: Collateral Estoppel

6    The Court is inclined to agree with Defendant's current contention that no further discovery

7  will assist the Court's resolution of the question of issue preclusion. However, given Defendant's

8  prior representation that discovery might affect the outcome, the Court cannot now find clear error on

9  the part of the Magistrate Judge.

10    B. ## 97, 126, and 134

11    U-Haul plausibly argues that additional discovery may alter the outcomes for Wilcher's

12  motions for summary judgment on conversion, conspiracy, and punitive damages, respectively.

13  Accordingly, the Magistrate Judge was not in clear error as to these motions.

14  V. Defendant's Alleged Prejudice

15    Defendant attempts to give her revised position weight by claiming that she will be

16  prejudiced in refiling the claims, as her arguments are now known to Plaintiff. Defendant also makes

17  much of Plaintiff getting "two bites at the apple." The Court again iterates: our judicial system has

18  abandoned the concept of ambush adjudication, preferring instead to reach decisions on the merits of

19  the matter. Erskine v. Consol. Rail Corp., 814 F.2d 266, 272 (6th Cir. 1987). One of the purposes of

20  pre-trial procedures, including discovery, are to ensure that the claims and their relative merits are

21  known by all parties prior to trial. In a system which evaluates claims based on their merit,

22  Defendant's cry of "prejudice" rings hollow. Further, to the extent that Plaintiff is getting a "second

23  bite at the apple," Defendant is as well.

24  ///

25  ///

26  ///

3

VI. Conclusion

**IT IS HEREBY ORDERED** that Defendant's Objection to the Order Concerning Joint Status Report On Reopening Discovery (#236) is **DENIED**.

DATED this 19th day of August 2013.

_____
Kent J. Dawson
United States District Judge