# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U-HAUL CO. OF NEVADA, INC., *et al.*,

    Plaintiffs,

v.

GREGORY J. KAMER, LTD., *et al.*,

    Defendants.

Case No. 2:12-CV-00231-KJD-CWH

**ORDER**

    Before the Court is Defendant Gregory J. Kamer, LTD.'s ("Kamer") Partial Objection to Order Regarding Motion to Compel Deposition Testimony and Production of Documents (#229). Plaintiff U-Haul Co. of Nevada, Inc., ("U-Haul") responded (#239). Kamer has exceeded the deadline to reply by more than three months. The Order objected to is #218.

I. Background

    The parties and the Court are familiar with the procedural and factual background in this case. Therefore, the Court will provide only a brief recitation of the facts and circumstances relevant to the motion at issue. Plaintiffs retained Kamer to represent them in several consolidated National Labor Relations Board ("NLRB") unfair labor practice proceedings. NLRB General Counsel appointed Nathan W. Albright ("Albright") and Steven Wamser to prosecute Plaintiffs. After an affair between NLRB prosecutor Albright, and a Kamer paralegal, Debra Wilcher ("Wilcher"), came to light, Plaintiffs enlisted the services of other law firms ("Subsequent Law

1  Firms") to reopen the NLRB Proceedings. Plaintiffs eventually settled the NLRB Proceedings and
2  brought this action against Kamer and Wilcher for malpractice related claims alleging improper use
3  of confidential information in the NLRB Proceedings that resulted in Plaintiffs incurring substantial,
4  unnecessary legal fees.

5  Kamer contends that Magistrate Judge Hoffman's Order (#218) is clearly erroneous in failing
6  to waive both attorney-client privilege and the work-product doctrine as to documents held by U-
7  Haul's Subsequent Law Firms.

8  II. Standard of Review: Clearly Erroneous

9  A District Judge should modify or set aside a Magistrate Judge's Order if it is clearly
10 erroneous or contrary to law. See Fed. R. Civ. P. 72; LR IB 3-1. To be clear, Defendant's burden is
11 high. Not only must Defendant persuade the Court that Defendant is indeed correct, but it must also
12 demonstrate that the Magistrate Judge was in clear error.

13 III. Analysis

14  A. Attorney-Client Privilege

15 "In a civil case, state law governs privilege regarding a claim or defense for which state law
16 supplies the rule of decision." Fed. R. Evid. 501. In Nevada, as a general rule, "[a] client has a
17 privilege to refuse to disclose, and to prevent any other person from disclosing, confidential
18 communications" relating to attorney representation. NRS 49.095. However, "a party waives his
19 privilege if he affirmatively pleads a claim or defense that places at-issue the subject matter of
20 privileged material over which he has control." Wardleigh v. Second Judicial Dist. Court, 891 P.2d
21 1180, 1186 (Nev. 1995). "Therefore, at-issue waiver occurs when the holder of the privilege pleads a
22 claim or defense in such a way that eventually he or she will be forced to draw upon the
23 privileged communication at trial in order to prevail, and such a waiver does not violate the policies
24 underlying the privilege." Id. In such cases, at-issue waiver is treated as an "anticipatory waiver"
25 because it anticipates a waiver will occur at trial because "the party asserting the privilege bears the
26 burden of proof on an issue and can meet that burden only by introducing evidence of a privileged

nature." Id. "In other words, where a party seeks an advantage in litigation by revealing part of a privileged communication, the party shall be deemed to have waived the entire attorney-client privilege as it relates to the subject matter of that which was partially disclosed." Id. At bottom, if a plaintiff raises an issue, and the evidence needed to prove the issue "necessarily comes from privileged documents, fairness requires that the privilege be waived." Id.

Here, U-Haul asserts that it "has not and will not use privileged information to prove any of its claims." (#239, 4:9-12). Thus, because Plaintiff will not use the privileged documents in supporting their claims, no issue of selective production and consequent unfairness exists. Defendant Kamer makes two arguments to support its position; first, a "malpractice" argument and second, a "redacted records" argument.

First, Kamer suggests that they might allege malpractice by the Subsequent Law Firms if privileged documents reveal such malpractice. (#229, 4:11-16). However, Kamer acknowledges that it currently has "no information" on this topic. Such fishing expeditions are generally inappropriate in the normal course of discovery. To represent to the Court that such an expedition is appropriate justification for waiving the attorney-client privilege is absurd.

Second, Kamer alleges that it is unable to attack the alleged damages via the billing statements provided by U-Haul because they are redacted. (#229, 4-5). This is surprising, considering that the Magistrate Judge explicitly ordered U-Haul to provide unredacted billing statements in the very Order Kamer is objecting to. (#218, 7:13-15). If Kamer's argument is that U-Haul has failed to produce unredacted billing statements, the appropriate course of action is to file a motion to compel production. If Kamer's argument is that the Court should order unredacted copies to be provided to Kamer, the Magistrate Judge already provided this relief. Accordingly, Kamer's argument on this point is in error.

B. Work-Product Doctrine

The work product doctrine provides a broader protection than the attorney-client privilege and is designed to protect the right of an attorney to thoroughly prepare his case and to preclude a

less diligent adversary attorney from taking undue advantage of the former's efforts. See <u>Hickman v. Taylor</u>, 329 U.S. 495, 511 (1947). It has been held, however, that the work product doctrine protects materials prepared for any litigation or trial so long as they were prepared by or for a party to the subsequent litigation. <u>Federal Trade Comm'n v. Grolier Inc.</u>, 462 U.S. 19, 25-26 (1983). "[T]he general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production[.]" <u>Hickman</u>, 329 U.S. at 512. However, "[w]here relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had. <u>Id.</u>

Kamer argues that the work-product protections should be found waived so that it can determine "what efforts were truly made by subsequent law firms to determine the effects [U-Haul's damages] complained of and what those conclusions were." It is less than clear how Subsequent Law Firms' efforts and conclusions regarding U-Haul's damages are directly relevant to either U-Haul's or Kamer's case, as the questions of causation and damages are before the Court. The opinions of Subsequent Law Firms on these questions are simply irrelevant. Thus, Kamer has not borne its burden to establish adequate reasons to justify production of these protected documents. Further, the Court does not find "clear error" in the Magistrate Judge's Order.

IV. Conclusion

**IT IS HEREBY ORDERED** that Defendant Kamer's Partial Objection to Order Regarding Motion to Compel Deposition Testimony and Production of Documents (#229) is **DENIED**.

DATED this 19th day of August 2013.

_____
Kent J. Dawson
United States District Judge