# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U-HAUL CO. OF NEVADA, INC., *et al.*,

    Plaintiffs,

v.

GREGORY J. KAMER, LTD., *et al.*,

    Defendants.

Case No. 2:12-CV-00231-KJD-CWH

**ORDER**

Before the Court is Defendant Debra Wilcher's ("Wilcher") Objection to the Order Concerning Defendant, Debra Wilcher's, Emergency Motion to Compel (#230). Plaintiff U-Haul Co. of Nevada, Inc., ("U-Haul") responded (#237) and Wilcher replied (#243). The Order objected to is #215.

I. Background

The parties and the Court are familiar with the procedural and factual background in this case. Therefore, the Court will provide only a brief recitation of the facts and circumstances relevant to the motion at issue. Plaintiffs retained Gregory J. Kamer, LTD. ("Kamer") to represent them in several consolidated National Labor Relations Board ("NLRB") unfair labor practice proceedings. NLRB General Counsel appointed Nathan W. Albright ("Albright") and Steven Wamser to prosecute Plaintiffs. After an affair between NLRB prosecutor Albright and Wilcher

came to light, Plaintiffs enlisted the services of other law firms ("Subsequent Law Firms") to reopen the NLRB Proceedings. Plaintiffs eventually settled the NLRB Proceedings and brought this action against Kamer and Wilcher for malpractice related claims alleging improper use of confidential information in the NLRB Proceedings that resulted in Plaintiffs incurring substantial, unnecessary legal fees.

Wilcher contends that Magistrate Judge Hoffman's Order (#215) is clearly erroneous in failing to waive both attorney-client privilege and the work-product doctrine as to documents held by U-Haul's Subsequent Law Firms.

II. Standard of Review: Clearly Erroneous

A District Judge should modify or set aside a Magistrate Judge's Order if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72; LR IB 3-1. To be clear, Defendant's burden is high. Not only must Defendant persuade the Court that Defendant is indeed correct, but it must also demonstrate that the Magistrate Judge was in clear error.

III. Analysis

A. Attorney-Client Privilege

"In a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. In Nevada, as a general rule, "[a] client has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications" relating to attorney representation. NRS 49.095. However, "a party waives his privilege if he affirmatively pleads a claim or defense that places at-issue the subject matter of privileged material over which he has control." Wardleigh v. Second Judicial Dist. Court, 891 P.2d 1180, 1186 (Nev. 1995). "Therefore, at-issue waiver occurs when the holder of the privilege pleads a claim or defense in such a way that eventually he or she will be forced to draw upon the privileged communication at trial in order to prevail, and such a waiver does not violate the policies underlying the privilege." Id. In such cases, at-issue waiver is treated as an "anticipatory waiver" because it anticipates a waiver will occur at trial because "the party asserting the privilege bears the

burden of proof on an issue and can meet that burden only by introducing evidence of a privileged nature." Id. "In other words, where a party seeks an advantage in litigation by revealing part of a privileged communication, the party shall be deemed to have waived the entire attorney-client privilege as it relates to the subject matter of that which was partially disclosed." Id. At bottom, if a plaintiff raises an issue, and the evidence needed to prove the issue "necessarily comes from privileged documents, fairness requires that the privilege be waived." Id.

Wilcher has failed to demonstrate to the Court that U-Haul intends to introduce privileged evidence from Subsequent Law Firms, leaving unsatisfied the requirements for implied waiver. Further, it is at best unclear how the evaluations of Subsequent Law Firms are necessary or even relevant to the questions of causation and damages which are currently before the Court. However, even if the Court were persuaded to Defendant's position, the Magistrate Judge was not in clear error.

### B. Work-Product Doctrine

The work product doctrine provides a broader protection than the attorney-client privilege and is designed to protect the right of an attorney to thoroughly prepare his case and to preclude a less diligent adversary attorney from taking undue advantage of the former's efforts. See Hickman v. Taylor, 329 U.S. 495, 511 (1947). It has been held, however, that the work product doctrine protects materials prepared for any litigation or trial so long as they were prepared by or for a party to the subsequent litigation. Federal Trade Comm'n v. Grolier Inc., 462 U.S. 19, 25-26 (1983). "[T]he general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production[.]" Hickman, 329 U.S. at 512. However, "[w]here relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had. Id.

Wilcher argues that denying her access to U-Hauls Subsequent Law Firms' work-product will prejudice Wilcher unfairly. However, Wilcher has not demonstrated that U-Haul intends to use these protected documents in this litigation. Further, Wilcher makes much of the fact that she will be precluded from addressing causation as it relates to the Subsequent Law Firms. However, causation is a prima facie element of U-Haul's case, and the burden of proving causation rests upon it. U-Haul must either prove causation without reference to protected documents, or allow discovery of these documents, but Wilcher cannot compel their discovery without establishing adequate reasons to justify production. Wilcher has not met this burden. Further, the Magistrate Judge was not in clear error.

IV. Conclusion

**IT IS HEREBY ORDERED** that Defendant Wilcher's Objection to the Order Concerning Defendant, Debra Wilcher's, Emergency Motion to Compel (#230) is **DENIED**.

DATED this 19th day of August 2013.

_____
Kent J. Dawson
United States District Judge