# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U-HAUL CO. OF NEVADA, INC., *et al.*,

    Plaintiffs,

v.

GREGORY J. KAMER, LTD., *et al.*,

    Defendants.

Case No. 2:12-CV-00231-KJD-CWH

**ORDER**

    Before the Court is Defendant Debra Wilcher's ("Wilcher") Motion for Summary Judgment (#116). Defendant Gregory J. Kamer, Ltd., ("Kamer") joined (#118). Plaintiff opposed the Motion (#152) and Defendant Wilcher replied (#179).

I. Background

    The parties and the Court are familiar with the procedural and factual background in this case. Therefore, the Court will provide only a brief recitation of the facts and circumstances relevant to the motion at issue. Plaintiffs retained Gregory J. Kamer, Ltd., ("Kamer") to represent them in several consolidated National Labor Relations Board ("NLRB") unfair labor practice proceedings. Kamer employed Wilcher as a paralegal during this period. NLRB General Counsel appointed Nathan W. Albright ("Albright") and Steven Wamser to prosecute Plaintiffs. After an affair between Albright and Wilcher came to light, Plaintiffs enlisted the services of other law firms

to reopen the NLRB proceedings. Plaintiffs eventually settled the NLRB proceedings and brought this action against Kamer and Wilcher for claims related to malpractice and improper use of confidential information in the NLRB proceedings.

U-Haul began the appeal process from the ALJ decision by filing exceptions which it later withdrew and ultimately settled the NLRB proceedings. U-Haul's claims against Wilcher include conversion, fraud, and civil conspiracy, but not legal malpractice.

II. Summary Judgment Standard

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without

more, will not create a "genuine issue" of material fact precluding summary judgment. <u>Villiarimo v. Aloha Island Air Inc.</u>, 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. <u>See</u> <u>Anderson</u>, 477 U.S. at 248.

### III. Analysis

At the outset, the Court reminds the parties that the burden of representation lies upon them, and not upon the Court. Whether it is the familiar "pigs hunting for truffles" metaphor or the "spaghetti approach,[1]" the idea that courts will not perform the work of representing the parties is clear. When counselors fail to remember this fact, they waste the time and resources of their clients and the Court.

Wilcher rests heavily upon <u>Hewitt v. Allen</u>, a legal malpractice case. 43 P.3d 345, 348 (2002). <u>Hewitt</u> recites the general rule that plaintiff's voluntarily dismissal of an appeal in an underlying action permits defendants to assert, as an affirmative defense in a subsequent action for malpractice, that correctable judicial error and not attorney malpractice caused the damage. <u>Id.</u> However, to prevail on a motion for summary judgment, defendants have the burden of showing that the appeal would have been successful. <u>Id.</u> Further, voluntarily dismissing one's appeal does not foreclose a malpractice claim unless success on the appeal was "likely." Id. at 224.

Wilcher's argument fails. First, Wilcher fails to make any argument that the common law dealing with legal malpractice applies to claims for conversion, fraud, or civil conspiracy. Second, Wilcher reads <u>Hewitt</u> as creating a conclusive presumption against causation in this case, because U-Haul dismissed its appeal but speculated in deposition that the appeal was not "futile." (#116, 5:2-7). Even if <u>Hewitt</u> applies to U-Haul's claims, Wilcher has failed to establish that an appeal would

---

[1] <u>Indep. Towers of Washington v. Washington</u>, 350 F.3d 925, 929 (9th Cir. 2003).

"likely" be successful.  In short, Wilcher has failed to show that she is entitled to judgment as a matter of law, even if there were no undisputed facts.

III. Conclusion

**IT IS HEREBY ORDERED** that Defendant Wilcher's Motion for Summary Judgment (#116) is **DENIED**.

DATED this 21st day of August 2013.

_____
Kent J. Dawson
United States District Judge