# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U-HAUL CO. OF NEVADA, INC., *et al*.,

    Plaintiffs,

v.

GREGORY J. KAMER, LTD., *et al*.,

    Defendants.

Case No. 2:12-CV-00231-KJD-CWH

**ORDER**

Before the Court is Defendant Debra Wilcher's ("Wilcher") Motion for Summary Judgment on Plaintiffs' Second and Third Causes of Action Re: Fraud and Constructive Fraud (#123). Plaintiffs opposed the Motion (#169) and Defendant replied (#204).

I. Background

The parties and the Court are familiar with the procedural and factual background in this case. Therefore, the Court will provide only a brief recitation of the facts and circumstances relevant to the motion at issue. Plaintiffs retained Gregory J. Kamer, Ltd., ("Kamer") to represent them in several consolidated National Labor Relations Board ("NLRB") unfair labor practice proceedings. Kamer employed Wilcher during this period as at least a secretary and plausibly as a paralegal. NLRB General Counsel appointed Nathan W. Albright ("Albright") and Steven Wamser to prosecute Plaintiffs. After an affair between Albright and Wilcher came to light, Plaintiffs enlisted

the services of other law firms to reopen the NLRB proceedings. Plaintiffs eventually settled the NLRB proceedings and brought this action against Kamer and Wilcher for claims related to malpractice and improper use of confidential information in the NLRB proceedings. In the instant Motion, Defendant Wilcher seeks summary judgment as to U-Haul's claim for fraud and constructive fraud.

II. Summary Judgment Standard

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III. Analysis

    A. Fraud

In Nevada, fraud exists where the following five elements are established: 1) a false representation made by the defendant; 2) defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); 3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; 4) plaintiff's justifiable reliance upon the misrepresentation; and 5) damage to the plaintiff resulting from such reliance. Bulbman, Inc. v. Nevada Bell, 825 P.2d 588, 592 (1992).

A mere omission is generally not actionable unless the defendant had a duty to disclose. Dow Chem. Co. v. Mahlum, 970 P.2d 98, 110 (1998) overruled on other grounds by GES, Inc. v. Corbitt, 21 P.3d 11 (2001). Defendant is consistent in painting this duty as existing only where there is a substantial disparity in knowledge or other power within the relationship. However, the case law is clear that such a duty "may arise in any situation where one party imposes confidence in the other because of that person's position, and the other party knows of this confidence."[1] Mackintosh v. Jack Matthews & Co., 855 P.2d 549, 553 (1993) citing Mancini v. Gorick, 536 N.E.2d 8, 10 (1987). Whether such a special relationship imposing a duty to disclose exists is a factual question. Mackintosh, 935 P.2d at 1160.

To support her Motion, Wilcher argues that she had no relationship, and certainly no special relationship with Plaintiffs. "It would be entirely unreasonable for a multimillion dollar corporation

---

[1] Although apparently undetected by Plaintiffs, this quotation immediately follows the sentences cited by Defendant in support of her argument that such relationships are rare and exist only where there are substantial disparities in knowledge or power between the parties. Such selective lawyering is both unpersuasive and unhelpful.

to reasonably place special confidence in [Wilcher] to divulge every trivial detail of her personal life, including her relationships and romantic encounters." (#123, 7:20-24). However, it very plausibly may be reasonable to expect Wilcher, an employee of U-Haul's attorneys and working on U-Haul's case, to divulge an intimate relationship with opposing counsel. Wilcher fails to provide any persuasive, much less conclusive evidence to the contrary. Accordingly, genuine issues of material fact remain, and it is unclear that Wilcher would be entitled to judgment as a matter of law even if there were no remaining factual issues.

### B. Constructive Fraud

With the foregoing analysis in mind, constructive fraud " is characterized by a breach of duty arising out of a fiduciary or confidential relationship." Long v. Towne, 639 P.2d 528, 530 (1982). Such a relationship exists "when one reposes a special confidence in another so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence." Id.

As above, and for the same reasons, Wilcher has failed to establish that there is no genuine dispute of material fact as to the existence of a confidential relationship between herself and U-Haul.

### IV. Conclusion

**IT IS HEREBY ORDERED** that Defendant Wilcher's Motion for Summary Judgment on Plaintiffs' Second and Third Causes of Action Re: Fraud and Constructive Fraud (#123) is **DENIED**.

DATED this 21st day of August 2013.

_____
Kent J. Dawson
United States District Judge