# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U-HAUL CO. OF NEVADA, INC., *et al.*,

    Plaintiffs,

v.

GREGORY J. KAMER, LTD., *et al.*,

    Defendants.

Case No. 2:12-CV-231-KJD-CWH

**ORDER**

Before the Court is Defendant Gregory J. Kamer, Ltd.'s ("Kamer") Motion for Partial Summary Judgment Regarding Thirteenth Claim for Unjust Enrichment (#119). Plaintiff U-Haul Co. of Nevada, Inc. responded (#185) and Defendant replied (#225).

I. Background

The parties and the Court are familiar with the procedural and factual background in this case. Therefore, the Court will provide only a brief recitation of the facts and circumstances relevant to the motion at issue. Plaintiffs retained Gregory J. Kamer, Ltd., ("Kamer") to represent them in several consolidated National Labor Relations Board ("NLRB") unfair labor practice proceedings. These legal services were provided pursuant to a retention agreement signed by both parties. (#185, Ex. 2). Kamer employed Wilcher as a paralegal during this period. NLRB General Counsel appointed Nathan W. Albright ("Albright") and Steven Wamser to prosecute Plaintiffs.

After an affair between Albright and Wilcher came to light, Plaintiffs enlisted the services of other law firms to reopen the NLRB proceedings. Plaintiffs eventually settled the NLRB Proceedings and brought this action against Kamer and Wilcher for claims related to malpractice and improper use of confidential information in the NLRB proceedings.  Defendant Kamer seeks summary judgment as to Plaintiff's claim for unjust enrichment.

II. Summary Judgment Standard

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III. Analysis

In Nevada, "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975, 942 P.2d 182, 187 (1997). However, where the subject matter giving rise to the claim for unjust enrichment is beyond the scope of the express contract, the claim is not barred. See Id.

Here, U-Haul's claim is based upon Kamer's representation of U-Haul in the NLRB proceeding. (First Am. Comp. ¶¶10-12). U-Haul and Kamer's relationship was governed by an express, albeit general contract to provide "Labor and Employment Services." (#185, Ex. 2). U-Haul's sole dispute is that the contract was not intended to govern the legal proceedings during which U-Haul alleges it was harmed, but only "other" legal proceedings. However, U-Haul has failed to provide any meaningful evidence substantiating this claim. U-Haul first directs the Court to the deposition of Henry Kelly, former Vice President of Human Resources for U-Haul. Kelly was asked if any other written agreement existed between Kamer and U-Haul, to which Kelly responded that the retention letter "is for the objections trial - - hearing." When Kelly was later asked why he retained Kamer, he responded "I retained them for the objections trial." This hearing apparently took place on the 10th and 11th of June, 2003. However, Kamer continued to represent U-Haul after these hearings, and U-Haul continued to pay them. U-Haul also directs the Court to its First Amended Complaint. However, the Complaint, as well as all other evidence presented to the Court supports the plain language of the contract; Kamer was to represent U-Haul in "Labor and Employment Services" generally. (#185, Ex. 2).

As noted above, "uncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. <u>Villiarimo</u>, 281 F.3d at 1061. That is precisely what U-Haul presents to the Court here. In the Court's judgment, no reasonable jury could return a verdict for U-Haul on this question.

IV. Conclusion

**IT IS HEREBY ORDERED** that Defendant Kamer's Motion for Partial Summary Judgment Regarding Thirteenth Claim for Unjust Enrichment (#119) is **GRANTED**.

DATED this 21st day of August 2013.

_____
Kent J. Dawson
United States District Judge