# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U-HAUL CO. OF NEVADA, INC., *et al*.,

    Plaintiffs,

v.

GREGORY J. KAMER, LTD., *et al*.,

    Defendants.

Case No. 2:12-CV-00231-KJD-CWH

**ORDER**

    Before the Court is Defendant Gregory J. Kamer, Ltd.'s ("Kamer") Motion for Partial Summary Judgment Regarding Plaintiffs' Request for Attorney's Fees (#122). Defendant Debra Wilcher ("Wilcher") joined the Motion (#145). Plaintiff U-Haul Co. of Nevada, Inc., ("U-Haul") opposed the Motion (#189) and Wilcher and Kamer replied (## 214 and 224 respectivley). Wilcher also joined Kamer's reply (#232).

I. Background

    The parties and the Court are familiar with the procedural and factual background in this case. Therefore, the Court will provide only a brief recitation of the facts and circumstances relevant to the motion at issue. Plaintiffs retained Gregory J. Kamer, Ltd., ("Kamer") to represent them in several consolidated National Labor Relations Board ("NLRB") unfair labor practice proceedings. Kamer employed Wilcher as a paralegal during this period. NLRB General Counsel appointed Nathan W. Albright ("Albright") and Steven Wamser to prosecute Plaintiffs. After an

affair between Albright and Wilcher came to light, Plaintiffs enlisted the services of other law firms to reopen the NLRB proceedings. Plaintiffs eventually settled the NLRB proceedings and brought this action against Kamer and Wilcher for claims related to malpractice and improper use of confidential information in the NLRB proceedings. In the instant Motion, Defendants Kamer and Wilcher seek summary judgment as to U-Haul's claim for attorney fees.

II. Summary Judgment Standard

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III. Analysis

Generally speaking, the "American Rule" that each party bears its own attorney fees may be abrogated in Nevada by contract, statute, or court rule. Barrett v. Baird, 111 Nev. 1496, 1507, 908 P.2d 689, 697 (1995) overruled on other grounds by Lioce v. Cohen, 122 Nev. 1377, 149 P.3d 916 (2006) and Lioce v. Cohen, 124 Nev. 1, 174 P.3d 970 (2008). However, the American Rule does not apply in Nevada when a party seeks fees as foreseeable special damages arising from a tort or breach of contract. Sandy Valley Associates v. Sky Ranch Estates Owners Ass'n, 35 P.3d 964, 969 (2001) receded from on other grounds by Horgan v. Felton, 170 P.3d 982 (2007); see also Lowden Inv. Co. v. Gen. Elec. Credit Co., 741 P.2d 806, 809 (1987) (holding that attorney's fees attributable to plaintiff's litigation with other parties may be recovered as damages when defendant's conduct caused the litigation).

A. Kamer and Wilcher's Joint Arguments

Defendants argue that no contract term, statute, or court rule provides for fees in favor of Plaintiffs, and Plaintiffs do not contest this point. However, Plaintiffs argue that the American Rule does not apply, as they are seeking fees as special damages, foreseeably arising from the conduct of Defendants. In reply, Defendants argue 1) that they should prevail because Plaintiffs did not dispute that no contract term, statute, or court rule provides for fees in favor of Plaintiff, 2) that the NLRB (rather than Defendants) is responsible for the alleged damages, and 3) that no contract, statute, or rule provides for fees in Plaintiff's favor.[1]

---

[1] Defendants correctly argue that Plaintiffs' opposition regarding disgorgement of fees is inapposite to this motion, and so the Court declines to consider the merits of disgorgement here.

3

Defendants' first argument is fatally flawed in that it inexplicably ignores the separate grounds for fees raised by Plaintiffs. Defendants' second argument fails because Defendants do not meet their burden of establishing that no genuine dispute of material fact exists. Plaintiffs' statements that the NLRB was obstructionist do not sever the causal chain linking Defendants to Plaintiffs' impeded investigation. Further, mere reference to these statements does not show that there is no dispute as to causation. Defendants' third argument is correct, but fails for the same reason as the first; independent grounds for fees exist in this case.

### B. Wilcher's Argument

Defendant Wilcher argues that summary judgment is justified because Plaintiffs have failed to produce any evidence that Wilcher caused Plaintiffs to incur the fees at issue here. The Court disagrees. Whatever the precise nature and details of the relationship between Wilcher and Albright, it was sufficient to induce Kamer to disclose it to Plaintiffs, who reacted by acquiring new counsel and seeking to review the NLRB proceeding. With this plausible if not undisputed baseline before the Court, it is Wilcher's burden to establish that there is no genuine issue of material fact in order to prevail in her Motion. Wilcher has not met this burden.

### IV. Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment Regarding Plaintiffs' Request for Attorney's Fees (#122) is **DENIED**.

DATED this 21st day of August 2013.

_____
Kent J. Dawson
United States District Judge