# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U-HAUL CO. OF NEVADA, INC., *et al*.,

    Plaintiffs,

v.

GREGORY J. KAMER, LTD., *et al*.,

    Defendants.

Case No. 2:12-00231-KJD-CWH

**ORDER**

    Before the Court is Defendant Gregory J. Kamer, Ltd.'s ("Kamer") Motion for Partial Summary Judgment on Plaintiffs' Claim for Damages Stemming from the Underlying Proceedings (#124). Defendant Debra Wilcher ("Wilcher") joined the Motion (#144). Plaintiff U-Haul Co. of Nevada, Inc., ("U-Haul") opposed the Motion (#190), while both Wilcher and Kamer replied (##213 and 226 respectively). Wilcher also joined Kamer's reply (#233).

I. Background

    The parties and the Court are familiar with the procedural and factual background in this case. Therefore, the Court will provide only a brief recitation of the facts and circumstances relevant to the motion at issue. Plaintiffs retained Gregory J. Kamer, Ltd., ("Kamer") to represent them in several consolidated National Labor Relations Board ("NLRB") unfair labor practice proceedings. Kamer employed Wilcher during this period as at least a secretary and plausibly as a

paralegal. NLRB General Counsel appointed Nathan W. Albright ("Albright") and Steven Wamser to prosecute Plaintiffs. After an affair between Albright and Wilcher came to light, Plaintiffs enlisted the services of other law firms to reopen the NLRB proceedings. Plaintiffs eventually settled the NLRB proceedings and brought this action against Kamer and Wilcher for claims related to malpractice and improper use of confidential information in the NLRB proceedings. In the instant Motion, Defendants seek summary judgment on "damages stemming from the underlying ULP claim."

II. Summary Judgment Standard

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without

more, will not create a "genuine issue" of material fact precluding summary judgment. <u>Villiarimo v. Aloha Island Air Inc.</u>, 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See <u>Anderson</u>, 477 U.S. at 248.

<u>III. Analysis</u>

At the outset, the Court notes that Defendants petition for summary judgment not as to a specific claim, or any other discrete and clear portion of Plaintiffs' claim. Rather, Defendants wade into this conflict seeking to eliminate all "claim[s] for damages stemming from the underlying ULP proceedings." Such broad language severely complicates application of the summary judgment standard. While there are occasions when courts employ the butcher's axe, the task of resolving society's disputes is usually better served by the clean cuts of the surgeon's scalpel. Such is the case here.

Defendants ask the Court to hold that they have established that there is no genuine issue of fact as to causation, and that Defendants are entitled to judgment as a matter of law. To this end, Defendants provide the Court with a discussion of "Material Facts," in addition to and separate from the statement of facts in the case. (#124, 4-5) Plaintiff responds to these "Material Facts" in opposition, disputing many of them. (#190, 2-3). Defendants then dispute Plaintiffs' disputation at some length. (#226, 2-6). Such opposition–particularly as to the facts in this case– has been ubiquitous throughout this matter.

The Court finds that Plaintiff U-Haul has alleged sufficient facts to raise a genuine question of material fact as to whether and to what extent Defendants Kamer and Wilcher caused damage to U-Haul. Defendants have failed to demonstrate that no such issue exists. In fact, this motion has only highlighted the deep rifts between each parties' view of "the facts." Accordingly, the Court cannot

and will not grant summary judgment as to "claim[s] for damages stemming from the underlying ULP proceedings." Such judgments are best reserved for the trier of fact.

IV. Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment on Plaintiffs' Claim for Damages Stemming from the Underlying Proceedings (#124) is **DENIED**.

DATED this 28th day of August 2013.

_____
Kent J. Dawson
United States District Judge