# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U-HAUL CO. OF NEVADA, INC., *et al*.,

    Plaintiffs,

v.

GREGORY J. KAMER, LTD., *et al*.,

    Defendants.

Case No. 2:12-CV-00231-KJD-CWH

**ORDER**

Before the Court is Defendant Debra Wilcher's ("Wilcher") Motion for Summary Judgment on Plaintiffs' Damages Claim Based on Double Recovery (#132). Defendant Gregory J. Kamer, Ltd. ("Kamer") joined the Motion (#143). Plaintiffs opposed the Motion (#166) and Defendant Wilcher replied (#202).

I. Background

The parties and the Court are familiar with the procedural and factual background in this case. Therefore, the Court will provide only a brief recitation of the facts and circumstances relevant to the motion at issue. Plaintiffs retained Gregory J. Kamer, Ltd., ("Kamer") to represent them in several consolidated National Labor Relations Board ("NLRB") unfair labor practice proceedings. Kamer employed Wilcher during this period as at least a secretary and plausibly as a

paralegal. NLRB General Counsel appointed Nathan W. Albright ("Albright") and Steven Wamser to prosecute Plaintiffs. After an affair between Albright and Wilcher came to light, Plaintiffs enlisted the services of other law firms to reopen the NLRB proceedings. Plaintiffs eventually settled the NLRB proceedings and brought this action against Kamer and Wilcher for claims related to malpractice and improper use of confidential information in the NLRB proceedings.

Important to this Motion, Plaintiffs settled their claim against the government for $75,000 and several intangible concessions. These concessions include non-confidentiality of the settlement, limitations on NLRB staff who may handle future charges against Plaintiffs, the government's written commitment to its code of ethics, and the availability of Cornele Overstreet and Stephen Wamser for interviews. See 2:08-CV-KJD-PAL, #128, Ex. A.  This settlement was reached on claims against the government which are substantially similar to those alleged against Kamer and Wilcher in this matter.

Plaintiffs' 30(b)(6) witness stated in deposition that these intangible concessions had "considerable material value" but could not "put a dollar value on it" ( #166 Ex. 1). One of Plaintiffs' executives expressed that the value of the settlement was "several million dollars" (#132, Ex. D). Defendants ask this Court to take the "millions" referenced above as "at least two million(s)" plus the $75,000 paid by the government, and offset Plaintiffs' claims by this amount, $2,075,000.00. Plaintiffs seek a total of $2,749,572.82 in damages from Defendants in this matter. In the instant Motion, Defendants seek summary judgment on Plaintiffs' damages claim based on a theory of double recovery.

II. Summary Judgment Standard

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at

323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III. Analysis

In Nevada, "there can be only one recovery of damages for one wrong or injury" meaning "a plaintiff may not recover damages twice for the same injury simply because he or she has two legal theories." Elyousef v. O'Reilly & Ferrario, LLC, 245 P.3d 547, 549 (Nev. 2010). Thus, the double recovery doctrine applies where 1) a prior judgment established total recoverable damages before settlement and 2) the settlement completely satisfied the judgment. Id. In other words "settlement

1  prevents further recovery from another party for the same injury when the total amount of damages is
2  established before settlement and the settlement fully satisfies those damages. Id.

3  Both parties rely heavily on Elyousef in support of their position. In Elyousef, an attorney
4  entered into a business transaction with one of his clients. Id. at 548. After the relationship soured,
5  the client sued the attorney on various grounds. Id. The client was awarded $150,000 in damages plus
6  $225,631.22 in costs and fees. Id. The attorney subsequently settled with his client for $50,000 plus
7  his interest in Nevada Oil and Land Development, LLC. ("NOLD"). Id. All parties conceded–and
8  several offers to purchase confirmed–that the interest in NOLD was worth more than $2 Million. Id.
9  at 549. Subsequently, the client again sued his attorney for the same injury, but under a new set of
10 legal theories. Id. at 548. However, because the total amount of damages had been determined prior
11 to settlement by the judgment, and because the settlement fully satisfied those damages, the double
12 recovery doctrine barred the client's claims. Id. at 549.

13 In this case, the amount of damages is far from settled. Defendants allege that "this case is
14 worth $5,000, at most" (#202, 7:11-12). Plaintiffs seek a judgment in excess of $2,700,000 (#132,
15 Ex. B). No judgment or other full and final adjudication of the damages exists.

16 Further, Defendants have failed to establish the value of the settlement received by Plaintiffs,
17 largely preventing any offset. Specifically, Defendants provide neither authority nor sufficient facts
18 supporting the valuation of the settlement at "millions" of dollars. As in Elyousef, concrete and
19 verifiable evidence of value is required.  Lacking both precedent and a sufficient factual basis, this
20 Court declines to engage such a speculative inquiry. In the event that Plaintiffs' recovery against
21 Defendants supports an offset relating to the $75,000 paid in settlement by the government, the Court
22 will entertain Motions on the question after such a recovery.

23 ///
24 ///
25 ///
26 ///

IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment on Plaintiff's Damages Claim Based on Double Recovery (#132) is **DENIED**.

DATED this 28th day of August 2013.

_____
Kent J. Dawson
United States District Judge