1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

9
10   U-HAUL CO. OF NEVADA, INC., *et al.*,

11        Plaintiffs,                                    Case No. 2:12-CV-231-KJD-CWH

12   v.                                                  **ORDER**

13   GREGORY J. KAMER, LTD., *et al.*,

14        Defendants.

15

16        Before the Court is Defendant Gregory J. Kamer, Ltd.'s ("Kamer") Motion for Partial

17   Summary Judgment on Plaintiffs' Causes of Action for Breach of Fiduciary Duty, Breach of the Duty

18   to Maintain Confidentiality, Negligence, Constructive Fraud, and Special Damages as Said Claims

19   are Subsumed by Plaintiffs' Cause of Action for Legal Malpractice (#129). Plaintiffs opposed the

20   Motion (#186) and Defendant replied (#222).

21   I. Background

22        The parties and the Court are familiar with the procedural and factual background in this

23   case. Therefore, the Court will provide only a brief recitation of the facts and circumstances

24   relevant to the motion at issue. Plaintiffs retained Gregory J. Kamer, Ltd., ("Kamer") to represent

25   them in several consolidated National Labor Relations Board ("NLRB") unfair labor practice

26   proceedings. Kamer employed Wilcher during this period. NLRB General Counsel appointed Nathan

1  W. Albright ("Albright") and Steven Wamser to prosecute Plaintiffs. After an affair between

2  Albright and Wilcher   came to light, Plaintiffs enlisted the services of other law firms  to reopen the

3  NLRB proceedings. Plaintiffs eventually settled the NLRB proceedings and brought this action

4  against Kamer and Wilcher for claims related to malpractice and improper use of confidential

5  information in the NLRB proceedings. In the instant Motion, Defendant seeks summary judgment on

6  the bulk of Plaintiffs' claims against it, arguing that they are "subsumed" within the Legal

7  Malpractice claim.

8  II. Summary Judgment Standard

9         Summary judgment may be granted if the pleadings, depositions, answers to interrogatories,

10 and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

11 material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ.

12 P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the

13 initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at

14 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a

15 genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

16 587 (1986); Fed. R. Civ. P. 56(e).

17        All justifiable inferences must be viewed in the light must favorable to the nonmoving party.

18 See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere

19 allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit

20 or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial.  See

21 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual

22 issues of controversy in favor of the non-moving party where the facts specifically averred by that

23 party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n., 497

24 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345

25 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine

26 issue of fact to defeat summary judgment).  "[U]ncorroborated and self-serving testimony," without

1   more, will not create a "genuine issue" of material fact precluding summary judgment. <u>Villiarimo v.</u>

2   <u>Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1061 (9th Cir. 2002).

3          Summary judgment shall be entered "against a party who fails to make a showing sufficient

4   to establish the existence of an element essential to that party's case, and on which that party will

5   bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.  Summary judgment shall not be granted

6   if a reasonable jury could return a verdict for the nonmoving party.  <u>See</u> <u>Anderson</u>, 477 U.S. at 248.

7   <u>III. Analysis</u>

8          The Federal Rules of Civil Procedure apply in a Federal Court proceeding. <u>See</u> <u>Hanna v.</u>

9   <u>Plumer</u>, 380 U.S. 460, 465 (1965). Rule 8(d)(3) provides that "[a] party may state as many separate

10  claims or defenses as it has, regardless of consistency." Further, in Nevada, "[a] litigant is entitled to

11  have the jury instructed on all theories of his or her case which are supported by the evidence." <u>Allan</u>

12  <u>v. Levy</u>, 846 P.2d 274, 275-76 (1993) <u>citing</u> <u>Beattie v. Thomas</u>, 668 P.2d 268, 271 (1983). However,

13  Plaintiffs' control of such matters is not unlimited. For example, no jury instruction will be given for

14  theories not supported by the trial evidence. <u>Allan</u>, 846 P.2d at 276. Also, "when a plaintiff asserts

15  claims under different legal theories, he or she is not entitled to a separate compensatory damage

16  award under each legal theory. <u>Elyousef v. O'Reilly & Ferrario, LLC</u>, 245 P.3d 547, 549 (Nev. 2010)

17  (internal quotation and citation omitted).

18         Here, Defendant Kamer asserts that Plaintiffs' claims for 1) breach of fiduciary duty, 2)

19  breach of the duty to maintain confidentiality, 3) negligence, 4) constructive fraud, and 5) special

20  damages should all be collapsed into the single claim of legal malpractice, as these claims are

21  "essentially identical." Kamer provides no controlling precedent suggesting that such action is

22  desirable, much less required. Further, however many legal theories Plaintiffs assert, Plaintiffs are

23  barred from multiple recoveries for the same injury, preventing any prejudice to Kamer. Lastly, even

24  if identical claims "should" be collapsed together, Kamer's argument fails for the simple reason that

25  the claims are only "essentially" identical. It is wholly possible and even probable that a jury may

26  find some peripheral matters established and not others, leading the jury to find for Plaintiffs on

3

1    some claims and not others. Far from prejudicing Kamer, collapsing Plaintiffs' claims at this stage

2    would prejudice the Plaintiffs in this case. Accordingly, Defendant Kamer has failed to show that it

3    is entitled to judgment as a matter of law.

4    <u>IV. Conclusion</u>

5        **IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment on

6    Plaintiffs' Causes of Action for Breach of Fiduciary Duty, Breach of the Duty to Maintain

7    Confidentiality, Negligence, Constructive Fraud, and Special Damages as Said Claims are Subsumed

8    by Plaintiffs' Cause of Action for Legal Malpractice (#129) is **DENIED**.

9        DATED this 28th day of August 2013.

 

                                                   _____

                                                   Kent J. Dawson
                                                   United States District Judge