1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT
8            DISTRICT OF NEVADA
9
10   U-HAUL CO. OF NEVADA, INC., *et al*.,
11        Plaintiffs,                         Case No. 2:12-CV-231-KJD-CWH
12   v.                                       **ORDER**
13   GREGORY J. KAMER, LTD., *et al*.,
14        Defendants.

16        Before the Court is Defendant Gregory J. Kamer, Ltd.'s ("Kamer") Motion for Partial

17   Summary Judgment on Plaintiffs' Fifth Cause of Action for Legal Malpractice (#131). Plaintiffs

18   opposed the Motion (#187) and Defendant replied (#223).

19   I. Background

20        The parties and the Court are familiar with the procedural and factual background in this

21   case. Therefore, the Court will provide only a brief recitation of the facts and circumstances

22   relevant to the motion at issue. Plaintiffs retained Gregory J. Kamer, Ltd., ("Kamer") to represent

23   them in several consolidated National Labor Relations Board ("NLRB") unfair labor practice

24   proceedings. Kamer employed Wilcher during this period. NLRB General Counsel appointed Nathan

25   W. Albright ("Albright") and Steven Wamser to prosecute Plaintiffs. After an affair between

26   Albright and Wilcher came to light, Plaintiffs enlisted the services of other law firms to reopen the

1  NLRB proceedings. Plaintiffs eventually settled the NLRB proceedings and brought this action

2  against Kamer and Wilcher for claims related to malpractice and improper use of confidential

3  information in the NLRB proceedings. In the instant Motion, Defendant seeks summary judgment on

4  Plaintiffs' Legal Malpractice claim, as well as Plaintiffs' claims for 1) breach of fiduciary duty, 2)

5  breach of the duty to maintain confidentiality, 3) negligence, 4) constructive fraud, and 5) special

6  damages.

7  II. Summary Judgment Standard

8         Summary judgment may be granted if the pleadings, depositions, answers to interrogatories,

9  and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

10  material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ.

11  P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the

12  initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at

13  323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a

14  genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

15  587 (1986); Fed. R. Civ. P. 56(e).

16         All justifiable inferences must be viewed in the light must favorable to the nonmoving party.

17  See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere

18  allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit

19  or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial.  See

20  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual

21  issues of controversy in favor of the non-moving party where the facts specifically averred by that

22  party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n., 497

23  U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345

24  (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine

25  issue of fact to defeat summary judgment).  "[U]ncorroborated and self-serving testimony," without

26

2

1    more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v.

2    Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

3              Summary judgment shall be entered "against a party who fails to make a showing sufficient

4    to establish the existence of an element essential to that party's case, and on which that party will

5    bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted

6    if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

7    III. Analysis

8              The Court has already addressed Defendant's arguments regarding 1) breach of fiduciary

9    duty, 2) breach of the duty to maintain confidentiality, 3) negligence, 4) constructive fraud, and 5)

10   special damages in its prior Order (#129). Accordingly, this portion of Defendant's Motion is denied

11   as moot.

12             A. Final Resolution of the Underlying Legal Action

13             Defendant argues that Semenza v. Nevada Med. Liab. Ins. Co., 765 P.2d 184 (1988) and

14   Hewitt v. Allen, 43 P.3d 345, 348 (2002) control this issue and require summary judgment for

15   Defendant. Semanza is a legal malpractice case, in which the Nevada Supreme Court analyzes when

16   a legal malpractice claim may properly be brought.

17             [L]egal malpractice is premised upon an attorney-client relationship, a duty owed to

18             the client by the attorney,  breach of that duty, and the breach as proximate cause of

19             the client's damages. Such an action does not accrue until the plaintiff knows, or

20             should know, all facts relevant to the foregoing elements and damage has been

21             sustained. More specifically, where damage has not been sustained or where it is too

22             early to know whether damage has been sustained, a legal malpractice action is

23             premature and should be dismissed. . ..[I]t follows that a legal malpractice action does

24             not accrue until the plaintiff's damages are certain and not contingent upon the

25             outcome of an appeal.

26

3

1  Id. at 185-86. Hewitt simply adds that in a legal malpractice case "damages do not begin to accrue

2  until the underlying legal action has been resolved Hewitt, 43 P.3d at 348.

3      Defendant argues that the related case of 2:08-cv-00729-KJD-PAL, U-Haul Co. of Nevada,

4  Inc. et al. v USA, et al., was unresolved, and that accordingly Plaintiffs' claim for legal malpractice

5  was premature. However, the cause of Plaintiffs' damages was Defendant's conduct in the NLRB

6  proceeding, which was fully resolved when the NLRB and Plaintiffs settled their case. The related

7  case against the government does not make Plaintiffs' damages from Kamer's actions any more or

8  less certain. Further, even if the related case did somehow make Plaintiffs' damages uncertain, that

9  case is now closed. 2:08-cv-00729-KJD-PAL, U-Haul v. United States (#147). Accordingly,

10  Defendant's argument fails as the underlying legal action is finally and fully resolved.

11      B. Abandonment of Appeal

12      Defendant also argues that Hewitt v. Allen, 43 P.3d 345, 348 (2002) requires a grant of

13  summary judgment in Defendant's favor because Plaintiffs abandoned available appeals. This

14  argument failed when Defendant Wilcher raised it previously (#116). Hewitt is a legal malpractice

15  case which recites the general rule that plaintiff's failure to appeal, or voluntarily dismissal of an

16  appeal, in an underlying action permits defendants to assert, as an affirmative defense in a

17  subsequent action for malpractice, that correctable judicial error and not attorney malpractice caused

18  the damage. Id.  However, to prevail on a motion for summary judgment, defendants have the burden

19  of showing that the appeal would have been successful. Id. Further, such actions (failing to appeal or

20  voluntarily dismissing an appeal) do not foreclose a malpractice claim unless success on the appeal

21  was "likely." Id. at 224.

22      Accordingly, to prevail on its motion for summary judgment against Plaintiffs' legal

23  malpractice claim, Defendant must demonstrate that there is no genuine question of material fact as

24  to whether the appeal would "likely" have been successful. Defendant has not met this burden.

25  Rather, Defendant argues at length that Plaintiffs failed to make any appeal whatever. Although this

26  factual issue remains unclear, the argument is irrelevant. Hewitt merely extended the general

4

rule–that failure to appeal allows defendants to assert the affirmative defense of alternate causation but does not bar the legal malpractice action–to voluntary dismissals. Accordingly, whether Plaintiffs failed to appeal or voluntarily dismissed the appeal is irrelevant. Defendant's argument could bear fruit only if it established that success on the appeal was "likely." Defendant fails to demonstrate that there is no genuine question of material fact on this issue.

IV. Conclusion

   **IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment on Plaintiffs' Fifth Cause of Action for Legal Malpractice (#131) is **DENIED**.

   DATED this 28th day of August 2013.


_____
Kent J. Dawson
United States District Judge