# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U-HAUL CO. OF NEVADA, INC., *et al.*,

    Plaintiffs,

v.

GREGORY J. KAMER, LTD., *et al.*,

    Defendants.

Case No. 2:12-cv-00231-KJD-CWH

**ORDER**

Before the Court is Defendant Debra Wilcher's ("Wilcher") Motion for Summary Judgment Regarding Plaintiffs' Claim for Damages Relative to Attorney's Fees in the Underlying ULP Proceeding (#133). Defendant Gregory J. Kamer, Ltd. joined the Motion (#142). Plaintiffs subsequently opposed the Motion (#167) and Defendant Wilcher replied (#203).

I. Background

The parties and the Court are familiar with the procedural and factual background in this case. Therefore, the Court will provide only a brief recitation of the facts and circumstances relevant to the motion at issue. Plaintiffs retained Gregory J. Kamer, Ltd., ("Kamer") to represent them in several consolidated National Labor Relations Board ("NLRB") unfair labor practice proceedings. Kamer employed Wilcher during this period. NLRB General Counsel appointed Nathan W. Albright ("Albright") and Steven Wamser to prosecute Plaintiffs. After an affair between

Albright and Wilcher came to light, Plaintiffs enlisted the services of other law firms to reopen the NLRB proceedings. Plaintiffs eventually settled the NLRB proceedings and brought this action against Kamer and Wilcher for claims related to malpractice and improper use of confidential information in the NLRB proceedings. In the instant Motion, Wilcher argues that the Nevada Supreme Court case of <u>Semenza v. Nevada Med. Liab. Ins. Co.</u>, prohibits any damages for fees arising from any subsequent effort to address alleged malpractice.

II. Summary Judgment Standard

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. <u>See</u> Fed. R. Civ. P. 56(c); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. <u>See</u> <u>Celotex</u>, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. <u>See</u> <u>Matsushita</u>, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. <u>See</u> <u>Lujan v. Nat'l Wildlife Fed'n.</u>, 497 U.S. 871, 888 (1990); <u>see also</u> <u>Anheuser-Busch, Inc. v. Natural Beverage Distribs.</u>, 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without

more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III. Analysis

Wilcher argues that a Semenza v. Nevada Med. Liab. Ins. Co., prohibits awarding damages for fees incurred appealing an adverse judgment (#203, 6:10-13). Wilcher also argues that "[t]his same policy applies to any subsequent effort to address alleged malpractice." (#203, 6:13-15).

In Semenza, an insurance company brought suit against its former attorney for malpractice. 765 P.2d 184, 185 (1988). The jury awarded the insurance company damages. Id. However, shortly thereafter the underlying medical malpractice judgment was reversed. Id. The attorney appealed the legal malpractice, arguing that the trial court erred in finding him guilty of legal malpractice and in failing to award him attorney's fees earned while working for the insurance company. Id. The Supreme Court of Nevada agreed. Id.

The insurance company argued that the appeal in the underlying medical malpractice case was a necessary result of legal malpractice, causing the company to incur damages in attorney's fees and costs. Id. at 186. The Nevada Supreme Court disagreed, as the losing party might have appealed and caused these costs to be incurred regardless of malpractice. Id. The Nevada Supreme Court concluded that "[m]ore importantly, however, this court will not countenance interlocutory-type actions for legal malpractice brought to trial while an appeal of the underlying case is still pending. Id. The central holding of this case is that a claim for legal malpractice is premature until the underlying case has been finally determined such that damages in the malpractice case are not speculative. Id. at 186.

Wilcher's argument fails for four reasons. First, as Wilcher has already noted in a previous Motion, Plaintiffs have not alleged a legal malpractice claim against Wilcher. Accordingly, it is unclear that this case is relevant to Plaintiffs' claims against Wilcher, and Wilcher makes no arguments on this ground. Second, the two sentences of the opinion upon which Wilcher relies are dicta, as they are not necessary to the holding. See *Blacks's Law Dictionary*, "dictum" (9th ed. 2009). Third, even if the two sentences are not dicta, Wilcher incorrectly wrests them from context. The paragraph in which they are found must be read as a whole. This contextual reading is clear: a malpractice claim is premature if brought before the underlying case is finally determined. This holding is unhelpful to Wilcher. Fourth, to argue that fees may *never* be recovered as damages for "any subsequent effort to address alleged malpractice," is absurd. (#203, 6:13-15). To base such an argument upon two sentences wrested from context in a single opinion is incredible.

However, Wilcher correctly points out that Plaintiffs have included fees resulting from the filing of exceptions and other "appeal" type work (#203, 5:3-17). Plaintiffs have expressly asserted that they do not request such fees (#167, 1:26). Accordingly, Plaintiffs will recalculate damages excluding all such amounts.

IV. Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment Regarding Plaintiffs' Claim for Damages Relative to Attorney's Fees in the Underlying ULP Proceeding (#133) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs recalculate damages excluding all fees stemming from the exceptions or other appeal-related work.

DATED this 29th day of August 2013.

_____
Kent J. Dawson
United States District Judge

4