# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U-HAUL CO. OF NEVADA, INC., *et al.*,

    Plaintiffs,

v.

GREGORY J. KAMER, LTD., *et al.*,

    Defendants.

Case No. 2:12-00231-KJD-CWH

**ORDER**

    Before the Court is Defendant Debra Wilcher's ("Wilcher") Motion for Summary Judgment on Plaintiffs' Claims for Damages Based on Settlement (#135). Defendant Gregory J. Kamer, Ltd., ("Kamer") joined the Motion (#141). Plaintiffs opposed (#168) and Defendant Wilcher replied (#206).

I. Background

    The parties and the Court are familiar with the procedural and factual background in this case. Therefore, the Court will provide only a brief recitation of the facts and circumstances relevant to the motion at issue. Plaintiffs retained Gregory J. Kamer, Ltd., ("Kamer") to represent them in several consolidated National Labor Relations Board ("NLRB") unfair labor practice proceedings. Kamer employed Wilcher during this period. NLRB General Counsel appointed Nathan W. Albright ("Albright") and Steven Wamser to prosecute Plaintiffs. After an affair between Albright and Wilcher came to light, Plaintiffs enlisted the services of other law firms to reopen the

NLRB proceedings. Plaintiffs eventually settled the NLRB proceedings and brought this action against Kamer and Wilcher for claims related to malpractice and improper use of confidential information in the NLRB proceedings. In the instant Motion, Wilcher argues that Plaintiffs' claims for damages based on their settlement with the NLRB fail because 1) Plaintiffs have failed to produce admissible evidence of what, if any, portion of the settlement was inflated due to Wilcher's conduct and 2) Federal Rule of Evidence 408 bars evidence of settlement offers to prove the amount of the claim.

II. Summary Judgment Standard

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without

more, will not create a "genuine issue" of material fact precluding summary judgment. <u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. <u>See</u> <u>Anderson</u>, 477 U.S. at 248. However, [i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Id.</u> (internal citations omitted).

III. Analysis

In this case, it is undisputed that U-Haul attempted to re-open the NLRB record in or around February, 2006, only after learning of Wilcher's conduct. It is further undisputed that settlement negotiations with the NLRB began in or around August, 2006 and concluded in October, 2007. The case was ultimately settled for $1,660,293.19 in back pay (#135, Ex. Q). Plaintiffs seek this entire amount as damages, implicitly alleging that the very existence of the settlement is attributable to Wilcher's conduct. Defendant argues that Plaintiffs have failed to produce admissible evidence regarding what, if any, of the settlement amount is attributable to Wilcher's conduct.

In response, Plaintiffs make two arguments. First, U-Haul argues that it need not "prove a more favorable outcome" because the damages are "consequential." <u>See</u> <u>Davis v. Beling</u>, 278 P.3d 501, 514 (Nev. 2012). The Court agrees that it is possible for settlement offers to be consequential damages in some circumstances. However, Plaintiffs must provide more than "merely colorable" evidence that the damages were suffered as a consequence of the defendant's actions. Plaintiffs have done nothing more than assert that the impermissible conduct occurred, and that the settlement is one result of that misconduct. Such bald assertions are insufficient, as "the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. <u>See</u> <u>Anderson</u>, 477 U.S. at 256.

Second, Plaintiffs argue that the Motion must be denied because it requires the Court to weigh contradictory evidence. As noted above, Plaintiffs have failed to provide *any* probative evidence in their opposition attributing any portion of the settlement to Wilcher. Plaintiffs point the Court to Albright's deposition testimony in which he states that Wilcher gave him a privileged memorandum belonging to U-Haul. Plaintiffs further point the Court to phone communications between Albright and Wilcher during the trial in June of 2005. Drawing all reasonable inferences in favor of Plaintiff, the evidence presented is so far removed from the eventual settlement that it is hardly colorable. Plaintiffs burden was to provide evidence demonstrating a genuine issue of material fact that Wilcher's conduct contributed to the settlement. Simply reiterating alleged misconduct which occurred–and all parties were aware of–years before a final settlement was reached is insufficient.

Plaintiffs also refer to Defendant Wilcher's continued avoidance of discovery and deposition. Although Plaintiffs fail to make clear exactly why and how this issue bears upon the present motion, two clarifications are in order. First, the parties agreed that no further discovery was necessary for the resolution of this motion (#227). Second, Ms. Wilcher has now been deposed (#262, Ex. A).

Because the Court finds no genuine issue of material fact as to Plaintiffs' claim for damages based on the NLRB settlement, the Court need not engage in analysis under Rule 408.

IV. Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment on Plaintiffs' Claims for Damages Based on Settlement (#135) is **GRANTED**.

DATED this 29th day of August 2013.

_____
Kent J. Dawson
United States District Judge