1
2
3
4
5
6

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

7
8
9

U-HAUL CO. OF NEVADA, INC., *et al.*,                      )
                                                                                    )          Case No.  2:12-cv-00231-KJD-CWH
                      Plaintiffs,                                          )
                                                                                    )          **ORDER**
vs.                                                                               )
                                                                                    )
GREGORY J. KAMER, LTD., *et al*.,                         )
                                                                                    )
                      Defendants.                                          )
_____  )

This matter is before the Court on Plaintiff 's Motion to Compel (#248), filed August 1, 2013; Defendant Debra Wilcher's Opposition (#257), filed August 19, 2013; and Plaintiff's Reply (#263), filed August 27, 2013.  Both the Court and parties have previously set forth the factual background of this dispute.  It is not necessary to repeat it here in order to resolve this motion.

## BACKGROUND

Based on the briefing, it is not clear exactly what relief Plaintiff is seeking.  Citing Fed. R. Civ. P. 37(a)(1) and LR 26-7, Plaintiff appears to request an order compelling production of computer for forensic analysis, a SIM card, a written authorization from Defendant Wilcher for release of information from Yahoo!®, and further deposition testimony from Wilcher.  Plaintiff indicates its intent to use the additional deposition time to inquire regarding the SIM card and laptop.

Wilcher argues that the motion should be denied based on Plaintiff's failure to meet and confer prior to filing the current motion.  Wilcher also argues that the motion to compel is untimely, as it was filed outside the close of discovery.  Setting aside the alleged procedural failures, Wilcher maintains the discovery requests are irrelevant and overbroad.  She further argues

that the items requested are not in her possession.

In reply, Plaintiff indicates that it is not seeking to compel responses to any of the specific discovery requests set forth in its motion (#248). The requests were set forth for context and relevance, but not because Plaintiff is seeking to compel responses. Plaintiff further asserts that its failure to meet and confer is excused because any effort would have been futile.

## DISCUSSION

Plaintiff seeks to compel production from Wilcher of a computer for forensic analysis, a SIM card, a written authorization for release of information from Yahoo!®, and further deposition testimony. The original deposition was conducted on July 17, 2013 and discovery closed on July 31, 2013. Plaintiff's motion (#248) was filed on August 1, 2013.

It is important to identify what this motion is not. It is not a motion for sanctions under Fed. R. Civ. P. 37(c). Though Plaintiff references the duty to supplement under Rule 26(e), it has not set forth any points or authorities in support of sanctions under Rule 37(c).[1] *See e.g. Liguori v. Hansen*, 2012 WL 760747 (D. Nev.) ("Unlike motions to compel responses to discovery requests, personal consultation is not required prior to a motion for sanctions pursuant to Rule 37(c).") (citing *Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008)). The motion is, as Plaintiff expressly claims, a motion to compel made under Rule 37(a). As such, Plaintiff is subject to the good faith meet and confer requirement of Rule 37 and the personal consultation requirement of Local Rule 26-7. Rule 37(a)(1) requires a party seeking to compel discovery responses to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Additionally, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action."

---

[1] "The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." Local Rule 7-2(d).

The meet and confer requirement of Rule 37 and the personal consultation requirement of LR 26-7(b) serve important purposes.  Compliance lessens "the burden on the court and reduce[s] the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes."  *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993).  The obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought."  *Id*.  In order to serve its purpose, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes."  *Id*. To do so,

> [t]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions.  Only after the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a "sincere effort" to resolve the matter.

*Id*.

There are two prongs to Rule 37's meet and confer requirement.  *See Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996).  First, the moving party must submit a certification which "accurately and specifically conveys to the court" the substance of the consultation.  *Shuffle Master*, 170 F.R.D. at 170.  Second, the Court must be satisfied that the moving party actually made a good faith effort to resolve the dispute without court action.  *Id*.  It is imperative that the moving party move beyond cursory statements and "adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties."  *Id*. at 171.  A good faith attempt requires more than the "the perfunctory parroting of statutory language," it requires a "genuine attempt to resolve the discovery dispute through non judicial means."  *Id*.  Doing so accomplishes the underlying policy of Rule 37(a)(1) and LR 26-7(b).

Here, Plaintiff's counsel describes the meet and confer efforts as follows:

> After the deposition, I wrote to Mr. Reinmiller to ask him to reconsider his position, offering to complete the brief remaining examination by phone.  The letter also requested information concerning the SIM card and laptop and requested production of these items or exact copies of them.  I never received a response.

1   The deposition was conducted on July 17, 2013.  Plaintiff's motion was filed two weeks later on

2   August 1, 2013.  Based on the briefing, Wilcher's counsel indicated that he did prepare a written

3   response to the Plaintiff's counsel's letter, but did not send it did not receive any additional

4   communication outside of the letter.  Nevertheless, even if Defense counsel had responded by

5   letter, the meet and confer was insufficient.  It has long been held in this District that, absent

6   compelling circumstances, the mere exchange of letters is insufficient to satisfy the "personal

7   consultation" requirement.  *See e.g.*, *Hunter v. Moran*, 128 F.R.D. 115 (D. Nev. 1989).

8   Additionally, *Shuffle Master* made clear that the mere exchange of letters is insufficient to satisfy

9   the meet and confer requirement under Rule 37.  *Shuffle Master*, 170 F.R.D. at 172.  The exchange

10  of letters may serve to narrow or inform the issues prior to personal consultation, but both Rule

11  37(a)(1) and LR 26-7(b) require more.

12          Plaintiff's efforts to engage in meaningful discussions to resolve these discovery disputes

13  were woefully inadequate.  Plaintiff's counsel did not engage in the type of meet and confer process

14  or personal consultation required.  Instead, Plaintiff allegedly sent a letter, which the Court cannot

15  even confirm because it was not provided with the briefing.  Rather than submit the letter for the

16  Court's review, Plaintiff has simply unilaterally declared that any meet and confer effort would

17  have been futile.  The undersigned does not accept the declaration of futility and finds that the

18  failure to even provide the alleged "meet and confer" letter lends further support to the conclusion

19  that Plaintiff did not satisfy the meet and confer requirements prior to filing this motion.  As such,

20  the request to compel Wilcher's computer, SIM card,[2] and to obtain information from Yahoo!® is

21  denied.

22          Plaintiff's motion to extend the deposition for Defendant Wilcher is also denied.  It appears

23  the parties did discuss this issue at the conclusion of Wilcher's deposition.  Plaintiff indicated it

24  needed an additional 10 minutes to complete the deposition, Wilcher's counsel refused to extend

25  the deposition based, in large measure, on Plaintiff's alleged wasting of time on numerous

26

27          [2]  In its Response, Wilcher indicated that the SIM card had been analyzed and did not contain any data
relevant to Plaintiff's request.  A pre-motion meet and confer would have provided Plaintiff the same

28  information, and likely avoided the need for briefing on the issue altogether.

irrelevant and unwarranted issues while conducting the deposition.  Rule 30(d) provides that
"[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours.
The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the
deponent or if the deponent, another person, or any other circumstance impedes or delays the
examination."  *See* Fed. R. Civ. P. 30(d)(1).

Rule 30(d)(1) requires a court to guard against redundant or disproportionate discovery,
stating that any additional deposition time must be consistent with Rule 26(b)(2).  Rule 26(b)(2)
allows the court to limit discovery if it is: (1) unreasonably cumulative or duplicative or can be
obtained from some other source that is more convenient, less burdensome or less expensive; (2)
the person seeking the discovery has had ample opportunity already to obtain the same information;
or (3) the burden or expense of taking the discovery outweighs its likely benefit.  *See* Fed. R. Civ.
P. 26(b)(2)(C)(i)-(iii).  "The party seeking a court order to extend the examination, or otherwise
alter the limitations, is expected to show good cause to justify such an order."  *See* Advisory
Comm. Notes to 2000 amendments; *see also Withers v. eHarmony, Inc.*, 267 F.R.D. 316, 321 (C.D.
Cal. 2010).

Here, Plaintiff contends that additional time to question Defendant Wilcher is needed based
on the need to inquire into the discovery which Plaintiff seeks to compel in this motion.  Because
Plaintiff's motion to compel that information is denied and no other reason to extend the deposition
has been provided, there is not good cause to grant additional deposition time.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff 's Motion to Compel (#248) is **denied**.  The
parties shall bear their own fees in relation to the motion.

**IT IS FURTHER ORDERED** that the Motion Hearing currently set for Monday,
September 23, 2013 is **VACATED**.

**IT IS FURTHER ORDERED** that the dispositive motion deadline is set for **Thursday,
October 17, 2013**.

**IT IS FURTHER ORDERED** that if no dispositive motions have been filed within the
time frame specified in this Order, then the parties shall file a written, joint proposed Pretrial Order

by **November 18, 2013**.  If dispositive motions are filed, then the parties shall file a written, joint proposed Pretrial Order within 30 days of  the date the Court enters a ruling on said dispositive motions.

DATED: September 17, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**